Filed Feb. 19, 1886.

———◆———

.No. 12,255.

WILLIAMS .v. THE THAMES LOAN AND TRUST COMPANY.

NEW TRIAL AS OF RIGHT.—*Not Proper in Action to Enforce Lien.*—Where it affirmatively appears that an action is to enforce a lien, a new trial as of right can not be granted.

SAME.—*Appeal.—Practice.*—Where a new trial as of right is erroneously granted, it is proper to remand the cause for judgment upon the first finding or verdict.

SAME.—*Supreme Court.—Marion Superior Court.*—Where the effect of a judgment of the Marion Superior Court, in general term, is to remand the cause for such error, it will be affirmed by the Supreme Court on appeal.

From the Marion Superior Court.

*R. D. Logan*, for appellant.

*D. M. Bradbury*, for appellee.

ELLIOTT, J.—On the 6th day of February, 1867, the party through whom the appellant claims title, bought the real estate in controversy at a tax sale made by the treasurer of the

city of Indianapolis. A certificate of sale was issued by the treasurer, and, on the 16th day of April, 1869, a deed was executed to the purchaser. This deed was never recorded. On the 13th day of August, 1875, the appellee loaned to the owner of the real estate a large sum of money and took a mortgage to secure its payment. This mortgage was foreclosed in March, 1879, the real estate was sold to the appellee upon the decree of foreclosure, on the 26th day of April, of that year, and a deed executed to him by the sheriff on the 28th day of April, 1880. The tax sale conveyed no title because the taxpayer had personal property out of which the taxes could have been made.

This action was instituted in November, 1881, and is in form, as indicated by the frame of the complaint, an action of a dual nature, for the complaint seeks to quiet title, or, if this relief can not be obtained, to enforce a lien for taxes. There is, however, an admission of record which affirmatively shows that there was no question of title or possession involved in the cause. There were two trials, both resulting in a finding against the appellant; the finding on the first trial was vacated by the granting of a new trial as a matter of right.

The court erred in granting the new trial as of right. Where it affirmatively and decisively appears that an action is to enforce a lien, a new trial as of right can not be granted. *Jenkins* v. *Corwin*, 55 Ind. 21; *Butler University* v. *Conard*, 94 Ind. 353.

Where a new trial as of right is erroneously granted, it is proper to remand the cause for judgment upon the first finding or verdict. *Sharpe* v. *O'Brien*, 39 Ind. 501; *Gann* v. *Worman*, 69 Ind. 548. This was the legal effect of the judgment of the general term of the superior court in the present instance, and there is, therefore, no cause for a reversal.

Judgment affirmed.

Filed Feb. 18, 1886.