Bradford *v.* The School Town of Marion.

Filed June 22, 1886; petition for a rehearing overruled Sept. 15, 1886.

---

No. 12,397.

BRADFORD *v.* THE SCHOOL TOWN OF MARION.

REVIEW OF JUDGMENT.—*New Trial as of Right.—Pleading.—Copy of Judgment.*—A complaint to review a judgment for error in setting aside an order granting a new trial as of right, and reinstating the original judgment, should set out a copy of such original judgment.

NEW TRIAL AS OF RIGHT.—*When Not Proper.—Different Causes of Action.*—Where a litigation proceeds to judgment on any substantive cause of action, in which a new trial as of right is not allowable, then, even though it embraces other causes in which a new trial as of right is allowable, a new trial as of right is not proper.

From the Grant Circuit Court.

*A. Steele, R. T. St. John* and *I. VanDevanter,* for appellant.
*W. L. Lenfesty* and *R. W. Bailey,* for appellee.

MITCHELL, J.—This was a proceeding to review a judgment of the Grant Circuit Court, for alleged error of law appearing on the face of the record. A demurrer was sustained to the complaint, and this ruling presents the only question for decision.

On the 12th day of May, 1882, Bradford commenced a suit against the School Township of Marion. His complaint, a copy of which is set out in the bill for review, was in three paragraphs. The first and second were actions to recover possession of, and quiet the title to, certain lots, which the plaintiff averred he had conveyed to the school corporation upon certain conditions, which it was charged had been vio-

lated, and the violation of which had revested the plaintiff with the title to the lots in question. The third paragraph was an action for damages for the breach of the conditions previously mentioned.

The defendant answered by a general denial, and, by way of cross complaint, set up the conveyance from the plaintiff to it, claimed ownership and right of possession, and asked to have its title to the lots quieted.

Upon issues made on the complaint and cross complaint a trial was had. The school township recovered judgment against Bradford at the November term, 1882, of the Grant Circuit Court. There is no record entry of the judgment set out with the complaint for review. On the 12th day of April, 1883, Bradford applied for a new trial as of right. Afterwards—the complaint does not show how long—the application was allowed and the new trial granted. The case was tried again in the April term, 1884, and judgment rendered for Bradford. At the same term of court the school corporation made an application to have the order granting the new trial as of right set aside, and the original judgment in its favor reinstated. This motion was sustained, and the judgment accordingly reinstated as prayed for. Setting aside the order granting the new trial, and reinstating the original judgment, is the error for which the review was asked.

The record fails to disclose the character of the original judgment. The complaint for review charges that it was rendered on the cross complaint. We can not tell from an inspection of the record whether it was an adjudication upon all the issues presented by the several paragraphs of the complaint and cross complaint or not. The very thing complained of, and for which a review was asked, was that the court erred in granting a new trial as of right. It was therefore indispensable that a copy of the judgment which was vacated by the new trial, and reinstated by setting aside the order granting the new trial, should have been set out in the complaint for review.

Whether the order granting the new trial was properly set aside, depends upon whether the judgment was an adjudication of the issues tendered by the several paragraphs of the complaint, as well as those tendered by the cross complaint. If the judgment was for the defendant generally, and was an adjudication of all the issues presented, then, since the parties saw fit to litigate causes of action which were improperly joined, in some of which either party would have been entitled to a new trial as of right, with an action for damages, in which a new trial as of right was not allowable, the order granting a new trial was improperly made, and that which set it aside was correct.

Doubtless, if the paragraph counting upon damages for breach of the conditions contained in the deed had been dismissed, or if the record had shown that it was abandoned or withdrawn, the case would then have been within section 1064, R. S. 1881, authorizing new trials as a matter of right. So long, however, as the paragraph for damages remained a feature of the litigation, that paragraph controlled as respects the subject of a new trial.

The rule was well stated in *Butler University* v. *Conard*, 94 Ind. 353. The result of which is, that where a litigation proceeds to judgment on any substantive cause of action, in which a new trial is not allowable as a matter of right, then, even though it embraces other causes in which a new trial as of right is allowable, the policy of the law is to allow that cause of action to control in which a second trial is not permitted as a matter of right. The logical conclusion to which this rule leads is, that a new trial was not allowable as of right in the case under review, and the order setting aside the ruling by which a new trial as of right was granted was properly made. *Williams* v. *Thames Loan and Trust Co.*, 105 Ind. 420; *Jenkins* v. *Corwin*, 55 Ind. 21. There was no error.

The judgment is affirmed, with costs.

Filed June 2, 1886; petition for a rehearing overruled Sept. 15, 1886.