Bisel *v.* Tucker.

No. 13,946.

## BISEL *v.* TUCKER.

QUIETING TITLE.—*Good Complaint for.*—*What Constitutes.*—A complaint which alleges that the plaintiff is the owner of certain real estate ; that the defendant wrongfully asserts title to it, and that he has no interest in or title to the same, is a good complaint to quiet title, although in addition damages are claimed by reason of certain false and slanderous statements which it is averred the defendant made concerning the plaintiff's title to the property, and which prevented its sale.

SAME.—*Cross-Complaint.*—*New Trial as of Right.*—*Plea in Bar.*—*Demurrer.*—In a suit to quiet title the defendant filed a cross-complaint, asserting a lien on the real estate in controversy ; which lien was upheld by the court, and the land ordered to be sold to satisfy it. The plaintiff filed a motion for a new trial, as matter of right under the statute, and the court sustained the motion as to the issue joined, on the complaint, but denied it as to the judgment rendered on the issue joined on the cross-complaint. The defendant then pleaded the recovery on his cross-complaint in bar to the further prosecution of the suit, and a demurrer to this plea was overruled.

*Held,* that it was error not to have granted the new trial as matter of right as to the whole case, and that the demurrer should have been sustained.

SAME.—*New Trial as of Right.*—*Form of Issues Immaterial.*—Where the title to land, or a claim to an interest or lien therein is asserted, and the plaintiff seeks to remove it, and thus clear his title from the claim which clouds it, the losing party is entitled to a new trial as of right, no matter what form the issues may assume.

From the Kosciusko Circuit Court.

*J. S. Frazer, W. D. Frazer, A. G. Wood* and *F. E. Bowser,* for appellant.

*L. H. Hammond, L. W. Royse, H. S. Biggs, A. F. Biggs, H. S. Cook* and *J. W. Cook,* for appellee.

ELLIOTT, J.—The complaint of the appellant alleges that she is the owner in fee of the land therein described ; that the appellee proclaims that he is the owner of the property, and that he holds an interest in it ; that he has stated to

persons who intended to purchase it that she did not have a good title thereto ;. that, in truth and in fact, the appellee had no title to, or interest in, the property; that by reason of the false and slanderous statement the appellant has been prevented from disposing of her property, and that she has suffered damages in the sum of three hundred dollars. The prayer is for damages, and for a decree quieting the title in her. The appellee filed an answer in denial and a cross-complaint. In the cross-complaint it is alleged that the appellant's husband was indebted to the appellee on account of an unsettled partnership claim, and that he bought the land with the money of the partnership and took the title in his wife's name for the purpose of defrauding the appellee. The court found in favor of the appellee, declared a lien on the land, and decreed that it be sold to pay the lien. The appellant moved for a new trial as a matter of right under the statute, and the court sustained the motion as to the issue joined on the complaint, but denied it as to the judgment rendered on the issue joined on the cross-complaint of the appellee. After the motion was sustained as to the issue made by the complaint and the original answer, the appellee pleaded the recovery on his cross-complaint in bar, and to this answer a demurrer was addressed and overruled, and judgment was rendered against the appellant.

The trial court construed the complaint as one to quiet title, as is evident from the fact that it sustained the motion as to the issue made upon that pleading, and this was right. The complaint is not in the usual form, and contains unnecessary allegations, but judged, as it must be, from its general scope and tenor, there can be no doubt that the court gave it the true construction. It professes to be one paragraph only, and purports to state a single cause of action, and this it does, although damages are claimed, for the *gravamen of* the action is the appellee's ownership in fee, and the unlawful claim of the defendant to the land. The damages are merely incident to the principal right. The complaint,

Bisel *v.* Tucker.

although not well drawn, does proceed on a definite theory, that theory is, that the plaintiff owns the land in fee, that the defendant wrongfully asserts title to it, and that the plaintiff is entitled to have her title quieted. In other words, the cause of action asserted by the plaintiff is that she owns the fee, that the defendant has no interest or title, and that he does assert a claim. This unquestionably makes a good complaint to quiet title. There is an averment that the defendant has no title or interest, and it was for want of this averment, and not for the want of the merely formal statement that the defendant's claim cast a cloud upon the title that the complaint in the case of *Second Nat'l Bank, etc.,* v. *Corey,* 94 Ind. 457, was held bad. Where there is such an averment as is found in the complaint before us, the pleading can not be held bad on demurrer. *Rausch* v. *Trustees, etc.,* 107 Ind. 1; *Kitts* v. *Willson,* 89 Ind. 95.

As the trial court correctly ruled that the complaint was one to quiet title, and granted a new trial as of right on that theory, the question resolves itself to this: Is a judgment declaring a lien entered on a cross-complaint filed in a suit to quiet title, a bar to the further prosecution of the suit in a case wherein a new trial has been granted on the issue joined on the complaint? It seems clear to us that it is not a bar, and that it was error to hold the answer which pleaded it as a bar to be sufficient. The order granting the new trial opened up the whole case, and did not confine the right of the plaintiff to litigate only such claims as were not asserted in the cross-complaint.

A plaintiff in a suit to quiet title can not obtain a decree if the defendant has any valid interest in the land, or any effective lien. The object of the suit is to remove the claims and liens which cloud the title, and where the plaintiff secures a general decree it does remove them. *Ragsdale* v. *Mitchell,* 97 Ind. 458; *Watkins* v. *Winings,* 102 Ind. 330; *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 581, and authorities cited; *Jackson* v. *Smith,* 120 Ind. 520.

The purpose of awarding a new trial as of right to an unsuccessful plaintiff is to give him a second hearing upon his right to hold the property free from all claims and liens. If, by filing a cross-complaint, the defendant can secure a lien, and then, when a new trial is awarded, set up the judgment on the cross-complaint in bar of the action, the purpose of the statute will be completely thwarted. The statute, it is obvious, does not permit such a result. Its meaning is just what its words import, and that is that where a plaintiff in a suit to quiet title is unsuccessful, he shall, as of right, have another trial upon all the questions which affect his title to the land. His title is, of course, directly and materially affected by a lien, and he has a right to a second trial of the question, whether or not the lien asserted by the defendant does exist in fact and in law. This question is directly put in issue by the complaint. *Lane* v. *Schlemmer*, 114 Ind. 296 ; *Green* v. *Glynn*, 71 Ind. 336.

As it is put in issue by the complaint, it must certainly be one of the questions on which the plaintiff has a right to a second trial. We can see no possible escape from this conclusion. It can not be that the defendant may, by pleading by way of a cross-complaint, deprive the plaintiff of this plain statutory right, since, if there can be a new trial at all, it must, of necessity, be upon all the questions which the complaint challenged the defendant to litigate, and one of the chief of these is whether the defendant did have any lien upon the land.

In *Moor* v. *Seaton*, 31 Ind. 11, the defendant filed an answer and a cross-complaint, and the judgment was rendered in his favor on the issue joined on that pleading, but it was held that the plaintiff was entitled to a new trial as a matter of right under the statute. The court said : " It is claimed that as the finding was on the cross-complaint, the plaintiff was not entitled to a new trial as a matter of right." It appears, therefore, that the question presented in that case was precisely the same as that which this record presents, and the

court decided it against the party who urged that the fact that the judgment was rendered on the cross-complaint precluded the court from awarding a new trial as to the whole case, saying: "The statute secures to the losing party a new trial on the payment of costs. The form of the issues can not abridge this right." The case of *Bender* v. *Sherwood,* 21 Ind. 167, presents a still stronger illustration of the principle which governs in such cases as this, for it was there held that although the complaint was for an injunction', still, as the question of title was in issue, the losing party was entitled to a new trial, as of right, of the whole case. The question was presented on a cross-complaint in *Adams* v. *Wilson,* 60 Ind. 560, and the court approved the ruling in *Moor* v. *Seaton, supra,* saying: "This right was incident to the cause of action, and the appellee could not be deprived of this right by the forms of pleading adopted by the appellants." This expresses the sound reason for the rule, and that is, that the right to a new trial under the statute is incident to the cause of action. He who possesses the cause of action necessarily possesses this inseparable incident, and he can not be deprived of it by the act of his adversary. In *Hunter* v. *Chrisman,* 70 Ind. 439, the complaint was a peculiar one, but the court held that as it presented an issue as to title, the losing party was entitled to a new trial. It was there said: "Here was such a conflict of claims in respect to the land, as brings the case, in our opinion, within the statute allowing either party a new trial, as matter of right, on payment of all costs." The question in *Miller* v. *Evansville, etc., Bank,* 99 Ind. 272, arose on a judgment rendered on a cross-complaint, and it was held, as in all the other cases, that the party asking it was entitled to a new trial under the statute. Substantially the same thing may be said of the cases of *Hammann* v. *Mink,* 99 Ind. 279, and *Cooter* v. *Baston,* 89 Ind. 185. We have thus shown that our decisions establish the rule that where the title to land, or a claim to an interest or lien therein is asserted, and the plaintiff seeks to

remove it, and thus clear his title from the claims which cloud it, the losing party is entitled to a new trial as of right, no matter what form the issues may assume.   If the sole object of the suit is to enforce a lien the rule is different.  *Bradford* v. *School Town, etc.*, 107 Ind. 280 ;  *Williams* v. *Thames, etc., Co.*, 105 Ind. 420.   Here, however, the object of the suit is to quiet title by removing all adverse claims, and the plaintiff was entitled to a new trial of the whole case, for the reason that the right is an inseparable incident of the cause of action possessed by a plaintiff who asserts that he is the owner in fee and is entitled to have his title quieted.   *Dumont* v. *Dufore*, 27 Ind. 263 ;  *Rogers* v. *Beach*, 115 Ind. 412 (414).   The object of the suit was to quiet in the owner of the fee the whole title, free, not merely from a particular claim or lien of the defendant, but from all claims and liens. *Farrar* v. *Clark*, 97 Ind. 447 ;  *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581 (589).   As this was the object of the suit, and as the right to a new trial is an incident of such a suit, it clearly results that the order granting the new trial vacated the judgment and opened the whole case.

Judgment reversed.

Olds, J., did not take part in the decision of this case.

Filed Dec. 12, 1889.