Filed Sept. 27, 1894.

---

No. 16,877.

### BENNETT ET AL. *v.* CLOSSON.

NEW TRIAL.—*As to Part of Issues.—Rule as to.*—In order that a new trial may be granted as to part of the issues, it must clearly appear that the issues to be decided are wholly between the parties as to whom a new trial is asked, and that the rights of the other parties to the original action will not be affected.

SAME.—*As of Right.—Rule as to.*—It is only in actions for the recov-ery of real estate and to quiet title to real estate that the losing party may have a new trial as of right under the statute, section 1064, R. S. 1881; and if two or more substantive causes of action proceed to judgment in the same case, whether properly or improp-erly joined, one being of the class in which a new trial as of right may be granted and the other not, the latter will control the pro-cedure, and a new trial as of right will be denied.

From the Cass Circuit Court.

*J. C. Nelson* and *Q. A. Myers*, for appellants.

*D. D. Dykeman*, *W. F. Wilson* and *G. C. Taber*, for appellee.

HOWARD, J.—On the 8th day of September, 1890, Lydia A. Locke, administratrix, one of the appellants, filed her complaint in the court below, against the appellee and wife, and also against the appellant Samuel R. Bennett and wife, alleging that on and prior to February 2, 1889, said Bennett was the owner of certain real estate described, situated in Cass county, Indiana; that on said day, his wife joining, he executed to said Closson a conveyance for said land, in form a warranty deed, but in point of fact a mortgage, to secure an existing indebtedness from Bennett to Closson, in an amount to the plaintiff unknown; that after the making of such conveyance Bennett had no property subject to execution, and has not since had any; that on the 25th day of March, 1889, the plaintiff recovered against Bennett a judgment in said court in the sum of $377.80, which is due and unpaid; that at the time of the making and receiving of such conveyance Closson had notice of the pendency of the suit, which culminated in plaintiff's said judgment, and took said mortgage in the form of a warranty deed for the purpose of cheating, hindering and delaying the creditors of Bennett, and especially plaintiff; that on the 3d day of February, 1890, Bennett and wife executed to Closson a second conveyance in form of a quitclaim deed for the same land, which plaintiff alleged to be also a mortgage to secure the same debt; asking that Closson be required to account for the rents of said real estate; that he make known the amount due him from Bennett, and that she be permitted to redeem said land from said mortgage debt, filing also a *lis pendens* notice.

To this complaint all the defendants answered in general denial. At the same time, Closson filed his cross-complaint against the plaintiff and the other defendants, bringing in also other parties having or claiming prior liens on said real estate.

The cross-complaint is in two paragraphs.

In the first paragraph it is admitted that the deed made to Closson by Bennett, February 2, 1889, was, in effect, a mortgage to secure a debt of $2,100 due Closson; it is also admitted that plaintiff recovered judgment, as alleged, against Bennett. The cross-complainant then alleges that to protect his said mortgage lien he was obliged to pay certain prior liens on said land, also taxes; that the total amount so due him is three thousand, five hundred dollars; that said property is not sufficient in value to satisfy said debt and prior liens without applying the rents and profits pending the suit; praying that his mortgage be foreclosed, also mortgage securing prior liens which he was compelled to pay; that a receiver be appointed to collect the rents and profits; that the land be sold for payment of debt, and other proper relief.

In the second paragraph of the cross-complaint the same allegations and admissions are made. It is further alleged that the quitclaim deed of February 3, 1890, conveyed to Closson the equity of redemption in said land, but that such conveyance was, in all things, subject and pursuant to his rights under the deed or mortgage of February 2, 1889, "which is still in full force, unpaid and unsatisfied, and was in no sense intended to be an extinguishment of his rights under said original deed."

It is also alleged that the cross-complainant has offered to allow plaintiff to redeem said land from his said debt, but that she has failed to so make redemption, "and her said judgment and claim of right to redeem is a cloud on cross-complainant's title"; that Bennett is insolvent

and irresponsible; that said property mortgaged and so held by cross-complainant is not of sufficient value, after paying the prior mortgage lien of the cross-defendant Haney, to pay the sum due cross-complainant upon a redemption by said Locke.''

The prayer is that a receiver be appointed to take care of the crops; that cross-complainant's rights under the deed or mortgage of February 2, 1889, be declared by the court, and the amount due him be fixed; ''and that foreclosure be decreed thereof against said Lydia A. Locke, administratrix of the estate of Abia Locke, deceased, and that said Locke be required to redeem at once from said mortgages, or that on failure to so redeem she be forever barred and enjoined from setting up any right to said property or to redeem the same, and that cross-complainant's title be quieted against all cross-defendants, except William E. Haney, executor of William W. Haney's will; that his lien for his rental be enforced against the crops in the hands of Samuel R. Bennett, and that the receiver of the court sell the same on the court's order or divide and deliver to this cross-complainant his share thereof; that he recover costs and all other proper relief.''

To this cross-complaint the appellant Samuel R. Bennett answered in three paragraphs: (1) a general denial, (2) a plea of payment, (3) averring that both deeds mentioned were given to secure indebtedness from Bennett to Closson, that part of said indebtedness was paid, and asking for an accounting and that he be permitted to redeem. Answers were also made by Lydia A. Locke and other cross-defendants.

In reply to the third paragraph of Bennett's answer to the cross-complaint the cross-complainant said that the quitclaim deed of February 3d, 1890, ''was in settlement

of all accounts theretofore had between said Bennett and cross-complainant, and upon the consideration of the debt then due said cross-complainant;'' that said deed was an absolute conveyance of the land and of the equity of redemption thereof, the prior mortgage, or deed, being kept alive only for the protection of cross-complainant against judgment creditors of Bennett.

The court found the facts substantially as alleged in the complaint and cross-complaint, finding the debt due the cross-complainant to be $2,356.04, and that said sum should be paid to him by the plaintiff within ninety days, upon which payment ''the plaintiff should be subrogated, by virtue of such redemption, to all the rights held by said Edgar D. Closson under and by virtue of said mortgage of February 2d, 1889, and the said prior liens hereinbefore described,'' subject to prior lien of the defendant, Haney; that the property ''should be sold by the sheriff for the payment of the amount so paid in redemption;'' that on failure of the plaintiff to so redeem, her right and equity of redemption ''should be barred, and that the title of said Edgar D. Closson in and to said real estate should be quieted as against said Lydia A. Locke.''

''And the court further finds for the cross-complainant, Edgar D. Closson, on the second paragraph of his cross-complaint, that he is the owner of the real estate in said cross-complaint described under the deed executed by Samuel R. Bennett and May R. Bennett to said Closson, February 3d, 1890, which the court finds to be an absolute conveyance of the title to said real estate, and that as such owner said Edgar D. Closson is entitled to have his title to said real estate quieted against the plaintiff, Lydia A. Locke, administratrix of the estate of Abia Locke, deceased, subject only to her right of redemption within ninety days from this date, as found by

the court." It was also found that the appellants, Bennett and wife, were tenants and lessees of the appellee as to the lands in question, under lease dated February 3d, 1890, and should account to him for rents and profits thereof.

Bills of exception were filed by the plaintiff. The plaintiff also moved the court to modify the finding, and in arrest of judgment, likewise for a new trial, all of which motions were overruled.

In the decree of the court it was ordered that the plaintiff, Lydia A. Locke, administratrix, be permitted to redeem from the mortgage of the appellee, Closson, by payment of said sum found due him of $2,356.04, and that on such redemption she be subrogated to his rights under said mortgage, and the land be sold in payment of the amount so paid by her and the amount of her judgment.

It was further decreed that the appellee, Closson, is the owner of said real estate, and that his title thereto be quieted as against all the defendants to the cross-complaint, except Haney, executor, the holder of a prior lien, and subject to said right of redemption, decreed the plaintiff within the period of ninety days therefrom, and that the defendants, except said Haney, and the plaintiff, except as to her right of redemption, be barred and forever restrained from setting up any claim of title to said property. The appellant, Bennett, was also ordered to account to appellee for the rental of said land.

The plaintiff duly prayed an appeal to this court, which was granted; but it does not appear that such appeal was ever perfected. No objection or exception to any of the proceedings or rulings of the court seem to have been made by appellants or any of the other defendants to the cross-complaint.

On the 27th day of September, 1892, being within one

year from the date of the decree, the appellants appeared in court, and severally moved the court "for a new trial of this action as of right on the cross-complaint of Edgar D. Closson."

This motion was overruled by the court, and the propriety of such ruling is presented as the only question for our consideration.

It is first contended by counsel for appellee that the motion for a new trial as of right "on the cross-complaint of Edgar D. Closson," is not in form to raise any question, and was properly overruled, since a new trial can be granted only as to the whole case.

This seems to have been the decision of this court in the case of *Johnson* v. *McCulloch*, 89 Ind. 270. In that case it was held that a motion by a defendant for a new trial upon "his paragraphs of counterclaim and set-off," though they were the only pleadings upon which issues were made, raised no question; that the motion should have been for a new trial generally.

*Peed* v. *Brenneman, Jr.*, 72 Ind. 288, was a case in relation to the location of a public highway, in which there was a remonstrance on account of the inutility thereof and for damages. The verdict was in favor of the public utility of the highway, but as to one of the remonstrants found neither for nor against him on the question of damages. It was held that the verdict was so defective that a judgment could not be rendered thereon as against such remonstrant, and that he was entitled to a *venire de novo* for the trial of the whole cause, including the question as to the public utility of the highway; and also that this would open up the whole question of public utility of such highway, not only as to him, but also as to the other remonstrants. "A new trial," said the court, "implies a reëxamination of all, and not a

Bennett *et al. v.* Closson.

part only, of the issues between the parties as to whom it is granted.''

It would seem that the cases of *Bisel* v. *Tucker*, 121 Ind. 249, and *State, ex rel.,* v. *Templin*, 122 Ind. 235, are to the same effect.

It may be admitted that if the issues to be decided are wholly between the parties as to whom a new trial is asked, and the rights of the other parties to the original action will be unaffected by the new trial, then a new trial may be asked and granted as to such issues. But the necessary conditions should clearly appear.

Such a case was that of *Houston* v. *Bruner*, 39 Ind. 376, where the holder of a promissory note had obtained judgment against two parties liable thereon, and it was held that one of the parties liable on the note might have a new trial against the other to determine the question of suretyship between themselves, without affecting the judgment against both in favor of the holder of the note. This was in accordance with the provisions of the statute. Section 1226, R. S. 1894 (section 1212, R. S. 1881).

In the case before us, we do not think that the issues on the cross-complaint can be separated from the other issues in the case, and fairly determined without prejudice to the rights of other parties. As to the plaintiff, Lydia A. Locke, it does not appear from the record whether she availed herself of her right to redeem from the debt of the appellee within the ninety days given her. If she did so redeem, certainly her rights in the land as redemptioner should be considered in the new trial.

If she did not so redeem, as seems to be taken for granted, and her right to do so is now barred under the judgment, it is equally clear that she would have an interest in the new trial which ought to be considered. She may have been unable to advance the amount needed to pay Closson's debt and so protect her judgment. The

court may have erred in finding the debt too great, as she claimed on the trial. Bennett, against whom she holds her judgment, is found to be insolvent; and if he should succeed in recovering title to the land, her judgment lien against it would be good.

It is clear, therefore, that Closson's and Bennett's rights are not the only ones involved; that other issues than those on the cross-complaint must be considered; and that if a new trial should, in any event, have been granted, it should have been granted on the whole case, and not on certain pleadings, as to part of the issues and some of the parties, to the exclusion of other pleadings, issues or parties. The granting of a new trial should place the parties in the same position occupied by them before the first trial.

It would appear, therefore, that the motion for a new trial, "on the cross-complaint of Edgar D. Closson," was not well made, and that it was properly overruled, whether a motion for a new trial as to the whole case, if made, should have been sustained or not.

But it is not clear that a new trial, as of right, should have been granted in this action, even as to the whole case.

In actions for the recovery of real estate, and to quiet title thereto, the losing party may have a new trial, as of right. Section 1076, R. S. 1894 (section 1064, R. S. 1881).

The decisions of this court have, however, tended to confine the right strictly to the cases provided for in the statute. And if two or more substantive causes of action proceed to judgment in the same case, whether properly or improperly joined, it has frequently been held that if one of them would entitle the losing party to a new trial, as of right, and the other would not, then that cause in which a new trial, as of right, would not

be allowed will prevail, and a new trial will not be granted. *Butler University* v. *Conard*, 94 Ind. 353; *Bradford* v. *School Town of Marion*, 107 Ind. 280; *Wilson* v. *Brookshire*, 126 Ind. 497; *Richwine* v. *Presbyterian Church of Noblesville*, 135 Ind. 80.

In this case the complaint discloses an action to have a deed, warranty in form, declared a mortgage, and to permit the plaintiff as holder of a junior judgment lien to redeem from the mortgage and to be subrogated to the rights of the mortgagee. The first paragraph of the cross-complaint admits such deed to be a mortgage, and shows an action to have the mortgage foreclosed. The second paragraph of the cross-complaint makes the same admissions as to the warranty deed, asks to have foreclosure decreed, and that the plaintiff be required to redeem therefrom in ninety days; on failure of such redemption the action is, to have cross-complainant's title quieted under a quitclaim deed to the same land.

These causes of action all proceeded to a finding by the court and to judgment. Plaintiff was given the right of redemption and subrogation, and the land was ordered sold in payment of amount due her. In the same decree, and subject to the rights so given plaintiff, the title of cross-complainant under his quitclaim deed was quieted, and all parties were barred and restrained from setting up claim or title to the property.

As to the actions for redemption, subrogation, and foreclosure, it does not admit of question that a new trial as of right is not allowable. These are substantive causes of action in the case, and, under the decisions cited, must control. A new trial of right can not be granted in the whole case.

In addition, it may be doubted whether even the second paragraph of the cross-complaint, taken by itself, and striking from it everything that relates to redemption,

subrogation, and foreclosure, shows a cause of action to quiet title. As a complaint to quiet title, it would certainly be insufficient on demurrer. *Second Nat'l Bank, etc.,* v. *Corey,* 94 Ind. 457; *Miller* v. *City of Indianapolis,* 123 Ind. 196.

This paragraph is rather an action for strict foreclosure and injunction. The whole action is one for the collection of debts from Bennett, the judgment debt due Locke, and the mortgage debt due Closson, involving also the appointment of a receiver and an accounting. The question of title to land is incidental.

The motion for a new trial as of right was properly overruled.

The judgment is affirmed.

