## Carpenter *v.* The Willard Library et al.

[No. 3,723.   Filed May 8, 1901.]

Action.—*Theory.*—The theory of an action is to be determined from the general scope of the pleading.  *p. 621.*

Same.—*Equitable Action.—Trial by Jury.—New Trial as of Right.*— A complaint to recover real estate which requires an accounting and presents the questions as to the condition of the mind of grantor at the time of the execution of the deed, and undue influence and fraud in such execution is of equitable cognizance, and plaintiff was not entitled to a trial by jury, nor a new trial as a matter of right.  *pp. 621, 622.*

New Trial as of Right.—*Bond.—Approval.*— A cause will not be reversed because of the refusal of the court to grant a new trial as of right where the record shows the filing of a bond as required by §1076 Burns 1894, but does not show that the bond was sufficient or approved.  *p. 622.*

From the Gibson Circuit Court.   *Affirmed.*

*C. A. Buskirk* and *J. W. Brady,* for appellant.

*F. B. Posey, D. Q. Chappell, W. H. Latta* and *G. V. Menzies,* for appellees.

Comstock, J.—This action was commenced in the superior court of Vanderburgh county, but tried, upon change of venue, in the Gibson Circuit Court. From the finding and judgment of the trial court in favor of appellees, who were defendants below, appellant prosecutes this appeal. In discussing only the action of the court in refusing to submit the trial of the cause to a jury, and in overruling her motion for a new trial as a matter of right, she has waived all other specifications of error.

Counsel for appellees, before discussing the merits of the question argued by the learned counsel for appellant, insist that neither of the errors claimed should be considered, because they are not saved by proper bill of exceptions. Upon an examination of the record, and treating the questions as properly presented, we are of the opinion that the judgment should be affirmed, and therefore find it unnecessary

to pass upon said preliminary question. First, as to the refusal to submit the issues to a jury. The complaint is voluminous. The following are its substantial averments: That in 1876 Willard Carpenter executed to Garvin and others as trustees a deed for various tracts of real estate for the purpose of establishing a public library in the city of Evansville; that the defendants (appellees) are the successors of the various persons named as trustees in said deed; that said grantor died intestate in 1883, leaving plaintiff (appellant), one of three children, his only heirs. At the time of the execution of the deed he was old (seventy-three years of age) and physically infirm, easily influenced to do unwise and unbusinesslike acts, and that appellees, knowing his mental condition and infirmity, by false and fraudulent representations, and by flattering his vanity, induced him to disregard his obligation to his family and to execute said deed. They made various promises (stating them) to the said grantor to influence him to make said deed, calculated to flatter his vanity and influence him to carry out their wishes. That at the time he executed the deed he was not of sound mind; that after its execution said trustees continued to exercise this undue influence over him until his death, which occurred in 1883. It is alleged that the trustees have not complied with their promises to said grantor in establishing an institution in any way comparing with that promised. It is further alleged that the trustees have sold divers portions and tracts of said real estate and received large sums of money therefor, but appellant is not able to describe the parts so sold, nor to state the amounts of money received; but that said proceeds should be considered as a part of the estate of said Carpenter, and her interest restored to her in lieu of said real estate. That defendants claim an interest in said property, but if they have any interest it is junior to appellants; that she is entitled to the absolute right, use, and possession of an undivided one-third part thereof, but that the defendants deny

her right, and unlawfully keep her out of possession. It further avers that she has been delayed in the bringing of this action for nineteen years for want of funds to employ counsel and procure testimony to prosecute the same. The prayer of the complaint asks that said deed be set aside, and that the defendants be compelled to restore to the plaintiff the right, title, use, and possession of said real estate, and all other proper relief.

Counsel for appellant argue that the action is purely a legal one to recover possession of real estate and to quiet title. Appellees claim that equitable relief is asked, and that there is no description of the real estate for the possession of which the court could render judgment.

No authority need be cited in support of the proposition that the theory of an action and the relief sought is to be determined from the general scope of the pleading. Judged by this rule the cause is of equitable cognizance, for the complaint requires an accounting, and presents the questions. (1) was the grantor of sound mind at the time of the execution of the deed? (2) Was its execution induced by undue influence or fraud?

The rule is firmly established that where equity jurisdiction is developed it continues throughout the entire controversy, although the remedy is of the kind which might be conferred by a court of law.

The averments of the complaint put the legal title of the real estate described in the complaint in appellees; the setting aside of the conveyance because of the unsoundness of mind of the grantor and the alleged fraudulent acts which induced its execution are essential parts of the cause of action, and the whole action was drawn into equity. It was properly submitted to the court. See authorities collected under Woollen's Trial Proc., §§3383, 3384, 3397.

Appellant was not entitled to either a trial by jury or to a new trial as a matter of right. The point is made by counsel for appellees that under §1076 Burns 1894, which

provides for a new trial as a matter of right, appellant is not entitled to a new trial, even if the action is a purely legal one, for the reason that the record does not show the filing of an undertaking with surety approved by the clerk or court to pay all costs and damages rendered against her in the action. The record shows the filing of an undertaking in terms complying with the statute. It does not appear that it was approved. The want of approval may be due to the fact that it was not deemed sufficient. Under the rule which requires that all presumptions be indulged in favor of the correctness of the rulings of the trial court, we can not say, in the absence of any showing or attempted showing, of the sufficiency of the undertaking, that it should have been approved. Appellant could have been entitled to a new trial only upon the presentation of a sufficient bond. The record does not disclose that this was done. The trial court could not prevent an appeal by arbitrarily refusing to approve the bond, but, to make it appear that a new trial was erroneously refused, the record should show that all the requirements of the statute giving a new trial were performed by the party asking it.

Upon the whole record the judgment is affirmed.