## NORRIS ET AL. v. KENDALL.

[No. 7,246.   Filed February 24, 1911.   Rehearing denied March 15, 1911.   Transfer denied June 29, 1911.]

1.   NEW TRIAL.—*As of Right.—Joining Causes where New Trial is not Demandable.*—Where a complaint consists of two or more paragraphs, on one of which a new trial as of right is demandable, and on the other it is not, a new trial as of right should not be granted, where the judgment rests upon both, even though a cross-complaint was filed to quiet title.  p. 306.

2.   NEW TRIAL.—*Statutory.—Annulling Title.*—In a suit to annul and cancel a deed procured by imposition and unfair means, a new trial as of right is demandable.  pp. 306, 308.

3. TRUSTS.—*Constructive.*—*Equity.*—Where a person obtains the legal title to another's land by fraud, by violation of a confidential or fiduciary relation, or in any other unconscionable manner, equity impresses a constructive trust upon the land in favor of the beneficial owner. p. 307.

4. NEW TRIAL.—*Statutory.*—The statute granting a new trial as a matter of right (§1110 Burns 1908, §1064 R. S. 1881), is mandatory. p. 308.

5. APPEAL.—*Affirmance.*—*Death.*—Where an appellant died after submission but before the decision affirming, a judgment of affirmance will be made as of the date of submission. p. 308.

From Rush Circuit Court; *L. L. Broaddus,* Special Judge.

Suit by Alfred Kendall and Bessie E. Norris against Marcus A. Kendall. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*Douglas Morris, Watson, Titsworth & Green, Louis B. Ewbank* and *Henley, Matson & Gates,* for appellants.

*Claud Cambern, B. L. Smith, Donald L. Smith, John H. Kiplinger* and *John D. Megee,* for appellee.

IBACH, J.—This is an action brought originally by appellant Alfred Kendall, against appellee, to compel said appellee to reconvey to said appellant certain land in Rush county, Indiana, and to quiet his title thereto.

The complaint is in two paragraphs. The first paragraph alleges that the land described in the complaint was owned by plaintiff Alfred Kendall, and by him was conveyed to said Marcus A. Kendall, without consideration, and under a promise that he would reconvey it to Alfred Kendall, after certain trust purposes had been performed; that such trust purposes had been accomplished, and that he had repeatedly demanded a reconveyance of the land to him by said Marcus A. Kendall, but that he refused to make such conveyance; that said Marcus A. Kendall immediately laid claim to the land, and is now in possession thereof, without right; that his claim is unfounded and without right, and adverse to said plaintiff's interest therein.

The second paragraph of complaint is one in the usual form to quiet title. Issue was joined by an answer in general denial, also by a special answer addressed to the first paragraph of complaint, which pleads matters in bar of appellant Alfred Kendall's right to recover upon the first paragraph of his complaint. Appellee also filed a cross-complaint, alleging title in himself to the land, and asking to have his title quieted therein. After the cause was tried, on motion of appellee a new trial as of right was granted.

Upon the conclusion of the first trial, a commissioner was appointed by the trial court to convey the land to Alfred Kendall, and as soon as a conveyance had been made to him he at once conveyed the land to Bessie Norris, one of the parties to this appeal. As soon as she obtained title, she petitioned to be permitted to appear in said cause, which petition was granted, and she immediately filed a motion to set aside the order made by the court, granting appellee a new trial as of right, which motion was overruled and exceptions duly taken. The issues were then reformed, the cause proceeded to trial with such new party, and a second trial resulted in a decree for appellee.

Appellants in this case insist that the order of the court granting a new trial in said original cause was erroneous, and earnestly argue that the case was not one in which

1. the losing party was entitled to a new trial as of right. We agree that the rule is that where a cause of action proceeds to judgment, which embraces a substantive cause of action, in which a new trial as of right is not allowable, then, even though it embraces other causes in which a new trial as of right is allowable, the policy of the law is to regard that cause of action as controlling in which a second trial as of right is not permitted, notwithstanding the cross-complaint, in which one of the parties asks to have his title quieted. We cannot agree

2. with appellant, however, that this case comes within the rule here announced. The land in question was

conveyed to Marcus A. Kendall for a specific, definite purpose, without consideration, and upon an oral promise to reconvey when the purpose of such deed was fulfilled. There is no direct allegation of fraud in the complaint, but it appears therein that appellee was the son of the grantor of the deed, and occupied a confidential relation with his father; that the conveyance was made upon the advice of said son, for a definite purpose, without consideration, and upon his oral promise to reconvey, with the further agreement on his part that such deed was to remain in escrow with a third party until a certain suit then pending was disposed of, and said deed was not to be placed on record; but instead, appellee obtained said deed from the party to whom it had been delivered to be held in escrow, and had it recorded shortly after it was executed. It also appears that after the purposes for which the conveyance was made were accomplished, a demand was made for the reconveyance of said property, in accordance with the terms of the original conveyance, which was refused, and a claim of title was asserted to the property by said Marcus A. Kendall.

The complaint is not an ordinary one to set aside a fraudulent conveyance of land for the benefit of creditors, but is a suit to annul a conveyance, and revest the title in an owner who had been induced to part with it by imposition and unfair means.

It is a well-settled rule of law that when a party obtains the legal title to property, not only by fraud or by violating confidential or fiduciary relations, but in any 3. other unconscionable manner, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is entitled to it, and who is considered, in equity, the beneficial owner. 2 Words and Phrases 1476, and cases cited.

It appears that the decree rests upon the first paragraph

of this complaint. Under this paragraph, the title to the land was directly in question, and it seems to have been so considered by both appellee and appellants in the trial of the cause in the court below, and the title was necessarily adjudicated by such trial. The case, therefore, comes fully within the doctrine declared in the case of *Physio-Medical College* v. *Wilkinson* (1883), 89 Ind. 23.

The statute (§1110 Burns 1908, §1064 R. S. 1881) providing for a new trial as of right in all cases where the title to land is directly in question, is mandatory, 4. and the court has no discretion, but must grant a new trial to the losing party, upon a strict compliance with the provisions of such statute. *Anderson* v. *Anderson* (1891), 128 Ind. 254; *Physio-Medical College* v. *Wilkinson, supra; Warburton* v. *Crouch* (1886), 108 Ind. 83; *Tomlinson* v. *Tomlinson* (1904), 162 Ind. 530.

The statute referred to, in very express terms gives a new trial as of right in a case of this nature, and it would have been error for the court to refuse appellee's ap- 2. plication. This is the only question presented by this appeal, and since we have concluded that the title to the property was at all times involved in the controversy, and was the principal issue in the case, the court committed no error in granting appellee's motion for a new trial as of right.

It appears that since the filing of this appeal Alfred Kendall has died, and the court below having committed 5. no error in granting the motion for a new trial as of right, this cause is affirmed, as of date of submission.