## HENRY v. FRAZIER ET AL.

[No. 7,839. Filed February 13, 1913. Rehearing denied
June 19, 1913.]

1. NEW TRIAL.—*New Trial as of Right.—When Not Allowed.*—
Where two or more substantive causes of action proceed to judg-
ment in the same case, in one of which a new trial as of right
may be granted, but the other not, the latter will control the
procedure, and a new trial as of right will be denied. p. 610.
2. NEW TRIAL.—*New Trial as of Right.—Title to Real Estate.*—In
an action involving title to real estate and to set aside a con-
veyance thereof, a new trial as of right may be had under
§1110 Burns 1908, §1064 R. S. 1881. p. 610.
3. NEW TRIAL.—*New Trial as of Right.—When Not Allowed.*—
Where one paragraph of complaint involved the title to real
estate and sought to set aside a conveyance of the same, and
other paragraphs alleged the breach of a contract for care and
support for which plaintiff asked damages, and that certain
expenditures had been made which plaintiff sought to have de-
clared a specific lien against the real estate in question, a new
trial as of right was properly denied. p. 610.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by John H. Henry against Luley C. Frazier and
another. From a judgment for defendants, the plaintiff
appeals. *Affirmed.*

*O. E. Brumbaugh* and *J. Claybaugh,* for appellant.

*Joseph P. Gray, Thomas M. Ryan* and *James V. Kent,*
for appellees.

SHEA, J.—This was an action by appellant against appellees. The complaint was in four paragraphs. The first involves the title to certain real estate in Clinton County, Indiana, and seeks to have a deed executed by appellant to Luley C. Frazier set aside. The second alleges a contract for care and support between appellant and Luley C. Frazier, as consideration for the conveyance of the real estate described, and a breach of the contract by said Luley C. Frazier, alleging damages on account of such breach, asking for judgment and that certain sums claimed to have been expended by him be declared a specific lien on the real estate in question. The third paragraph is substantially the same as the second, except more elaborate in its statement of detail, alleging the payment of certain sums of money for taxes, repairs, mortgage debt, etc., asking for an accounting and that the amount due be declared a lien on said real estate, that said lien be foreclosed and said premises sold in satisfaction thereof, etc. The fourth paragraph is not clear in its theory, and in view of the conclusion we have reached, it is not important. Demurrers to the third and fourth paragraphs were overruled. Appellees answered by a general denial to each paragraph. Cross-complaint in ejectment in two paragraphs by appellee Luley C. Frazier, which appellant answered by a general denial. Trial by the court, finding and judgment for appellees on the issues joined on the complaint, and for appellee Luley C. Frazier on the issue joined on the cross-complaint. Appellant's motion for a new trial as of right was overruled, and this ruling is the only error assigned. It is insisted by appellant that under §1110 Burns 1908, §1064 R. S. 1881, he is entitled to a new trial as of right. This section reads as follows: "The court rendering the judgment, on application made within one year thereafter by the party against whom judgment is rendered, his heirs, assigns, or representatives, and on the applicant giving an undertaking, with surety to be approved by the court or

clerk, that he will pay all costs and damages which shall be recovered against him in the action, shall vacate the judgment and grant a new trial. The court shall grant but one new trial under the provisions of this section.'' If it is shown by the record that appellant's cause is within this section of the statute, he is entitled to a new trial as of right.

Appellees insist that the record does not show that a sufficient bond or any bond was filed, and that inasmuch as the statute requires the filing of a bond, it must be disclosed by the record, else this court will not disturb the ruling of the lower court, citing *Carpenter* v. *Willard Library* (1901), 26 Ind. App. 619, 622, 60 N. E. 365; §1110, *supra*. We are inclined to think this is a correct construction of the law, but prefer to pass upon the merits of this case. Appellees contend that appellant has stated in his complaint two or more substantive causes of action, which proceeded to judgment, and that the second and third paragraph of complaint are based on matters for which a new trial as of right cannot be allowed. It is undisputed that the first paragraph of the complaint involves the title to real estate, and under it appellant was entitled to a new trial as of right. Looking to the second paragraph, it appears, in substance, that on March 8, 1902, appellant, an unmarried man, by his quitclaim deed released and quitclaimed to appellee Luley C. Frazier real estate in Clinton County described therein. The consideration named was $500, but in truth and in fact no consideration in money was paid. Appellant claims to have been the owner of said real estate at the time of the conveyance, and for a long time prior thereto. It is alleged that Luley C. Frazier, in consideration of said release and quitclaim, agreed that appellant should continue to live on said real estate, and have his home in the dwelling house thereon; that she would board him, do his cooking and housekeeping, and provide and care for him for and during his natural life. This agreement

was carried out until the —— day of February 1909, at which time appellee Luley C. Frazier forbade appellant the right to enter upon said real estate, and refused and wholly failed to cook, provide, care for or keep house for him, and in all things wholly failed to keep her promise and agreement, in consideration of which appellant had executed the release and quitclaim deed; that appellant demanded that she carry out and perform her agreement, which she wholly failed, refused and neglected to do; that since the execution of the deed, Luley C. Frazier became and is now indebted to appellant by reason of her failure to perform her promise and agreement, and for money paid for her use and benefit, and for the use and benefit of said property, for taxes on said real estate, for mortgage debt and interest paid thereon, and for necessary and permanent repairs and improvements on said real estate, in a large sum of money, which appellant asks to have adjudged a valid and subsisting lien upon the real estate in question. It is averred that Jesse W. Frazier is the husband of Luley C. Frazier, and for that reason made a party defendant. The prayer of this paragraph of complaint is as follows: "Wherefore, the plaintiff demands judgment against the defendant Luley C. Frazier, for the full amount found due him, as herein set forth and alleged, that the same be declared and adjudged a valid and subsisting lien and the amount of said lien enforced by execution and sale of said real estate and for all proper relief."

The third paragraph alleges substantially the same facts as the second, except more in detail. In addition, it is alleged, in substance, that prior to and at the time of the conveyance Luley C. Frazier was wholly insolvent, and from then until the breach of the contract, was without means and failed and neglected to pay certain liens, charges, and indebtedness against said real estate, including taxes, principal and interest of a mortgage debt, and the cost of necessary repairs and improvements made thereon; that appel-

lant was entitled to have his home with Luley C. Frazier on said real estate, and under the contract had an equity therein, and a right to his living and subsistence therefrom during his natural life, by reason of which he was interested in the possession of same, and in saving and protecting it from execution and sale to satisfy said liens and indebtedness. On account of the inability and failure of Luley C. Frazier to pay said items of indebtedness, appellant was compelled to and did pay same to save and protect his home and his rights and equity in the real estate, and for the use and benefit of Luley C. Frazier. The items are set out in detail, including taxes from the date of conveyance; cost of necessary repairs and improvements; amount of a mortgage debt and interest, on the real estate, for which Luley C. Frazier was liable, and which she had assumed and agreed to pay; the reasonable value of appellant's care and support since the breach of contract and during his expectancy of life, and the amount of the benefits, rents and profits received by Luley C. Frazier since the date of conveyance, for all of which she is indebted to appellant. That by reason of her failure and refusal to carry out her contract, the consideration for said conveyance has wholly failed and been lost to appellant, whereby he has been greatly damaged. By reason of these facts appellant is entitled to have an accounting, and to have the items of indebtedness ascertained and charged against Luley C. Frazier, and all his damages determined and adjudged a "valid and subsisting lien against said real estate, and the same enforced and foreclosed and said real estate subjected to execution and sale to pay off and satisfy the same." Appellant "demands judgment for thirty-five hundred dollars ($3,500) against the defendant Luley C. Frazier, that the same be established and adjudged as a valid and subsisting lien against the real estate hereinbefore described, the same subjected to execution and sale, and the same sold to pay off and satisfy said damages and for all proper relief."

By the decisions of both this court and the Supreme Court, we think it is settled that if two or more substantive causes of action proceed to judgment in the same case, one being of a class in which a new trial as of right may be granted, but the other not, the latter will control the procedure, and a new trial as of right will be denied. *Bennett* v. *Closson* (1894), 138 Ind. 542, 38 N. E. 46; *Nutter* v. *Hendricks* (1898), 150 Ind. 605, 50 N. E. 748; *Schlichter* v. *Taylor* (1903), 31 Ind. App. 164, 67 N. E. 556; *Wilson* v. *Brookshire* (1891), 126 Ind. 497, 25 N. E. 131, 9 L. R. A. 792; *Norris* v. *Kendall* (1911), 48 Ind. App. 304, 93 N. E. 1087; *Larrance* v. *Lewis* (1912), 51 Ind. App. 1, 98 N. E. 892; *Butler University* v. *Conard* (1884), 94 Ind. 353; *Richwine* v. *Presbyterian Church* (1893), 135 Ind. 80, 34 N. E. 737.

It is clear in this case that under the first paragraph of the complaint appellant was entitled to a new trial as of right. It is likewise clearly true that a new trial as of right cannot be granted as to a part of the issues, but must be granted or refused as to all. The second and third paragraphs of the complaint in this case did not bring appellant's cause within the provisions of the statute entitling him to a new trial as of right. *Nutter* v. *Hendricks, supra; Seisler* v. *Smith* (1898), 150 Ind. 88, 46 N. E. 993; *Bennett* v. *Closson, supra; Cambridge Lodge, etc.* v. *Routh* (1904), 163 Ind. 1, 71 N. E. 148. This is true, even though, as in this case, appellee files a cross-complaint in ejectment. *Butler University* v. *Conard, supra; Williams* v. *Thames Loan, etc., Co.* (1886), 105 Ind. 420, 5 N. E. 17; *Sterne* v. *Vert* (1887), 111 Ind. 408, 12 N. E. 719; *Rariden* v. *Rariden* (1891), 129 Ind. 288, 28 N. E. 701. In the case of *Williams* v. *Thames Loan, etc., Co., supra,* the court says, speaking of the facts in that case: "The court erred in granting the new trial as of right. Where it affirmatively and decisively appears that an action is to enforce a lien, a new trial as of right cannot be granted. *Jenkins* v.

*Corwin* [1876], 55 Ind. 21; *Butler University* v. *Conard* [1884], 94 Ind. 353." It clearly appearing in this case that the second and third paragraphs of complaint were for the enforcement of a lien, no error was committed by the trial court in overruling the motion for a new trial as of right.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 770. See, also, under (1, 3) 29 Cyc. 1037; (2) 29 Cyc. 1035.