## FOLLETTE *v.* ANDERSON.

[No. 8,790.    Filed June 24, 1914.]

1. NEW TRIAL.—*New Trial as of Right.*—The right to a new trial as of right is limited to those cases falling within the provisions of the statute (§1110 Burns 1908, §1054 R. S. 1881) and the policy of the court has been to restrict rather than extend such right; hence in an action on a complaint stating two or more substantive causes, under one of which a new trial as of right is allowable, and the other not, and judgment is had on the issues tendered by each paragraph, a new trial as of right can not be granted.    p. 527.

2. NEW TRIAL.—*New Trial as of Right.*—Where the complaint tenders an issue of title to real estate, and defendant either confesses title in plaintiff or disclaims title in himself, or where the matter actually in controversy and tried is merely to enforce or cancel a lien, encumbrance or contract, a new trial as of right can not be had.    p. 527.

3. NEW TRIAL.—*New Trial as of Right.*—*Duty of Court.*—While under §1110 Burns 1908, §1054 R. S. 1881, it was the mandatory duty of the court to grant a new trial as of right in a case within the statute, it would be without jurisdiction in a cause where such new trial was improperly granted.    p. 528.

4. NEW TRIAL.—*New Trial as of Right.*—In an action wherein the plaintiff and the defendant each sought to quiet title to the same real estate, and the issue of title was the only substantive cause, stated either by the complaint or cross-complaint, the defendant was entitled to a new trial as of right under §1110 Burns 1908, §1054 R. S. 1881, on a finding and judgment for plaintiff, and such right was neither affected by the fact that defendant had filed an answer showing record title in the plaintiff and setting up facts to avoid it, nor by the fact that defendant asked and was granted the right to open and close at the trial.    p. 528.

From Lake Circuit Court; *J. Frank Meeker,* Special Judge.

Action by Wilhelmine Anderson against Julia B. Follette. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Crumpacker, Crumpacker & Tinkham,* for appellant.
*John C. Richberg* and *Otto J. Bruce,* for appellee.

HOTTEL, J.—The pleadings filed and proceedings had in the trial court necessary to an understanding of the question presented by this appeal are in substance as follows: Appellee filed a complaint in one paragraph to quiet title to a tract of real estate, therein described. To this complaint appellant filed a general denial and a second paragraph of affirmative answer, in which, using her own words, she "admits that the plaintiff has a good record title and apparently the legal title of record, but that plaintiff's apparent legal title is but a lien upon the real estate described in her complaint, and to form and constitute an issue of fact thereon, defendant alleges: That on the 5th day of January, 1893, this defendant executed to herself a certain promissory note  *  *  *  which was secured by a trust deed executed by this defendant of the same date, by which she conveyed to one Otto Peuser of said city as trustee, tne land described in plaintiff's complaint." The answer then avers at length, facts showing that such note and deed were made pursuant to an agreement whereby appellant had secured a loan of $12,500; that she assigned the note to the lender; that such deed was security therefor; that afterwards suit was brought on such note, and there was a judgment and decree of foreclosure and a sale of the real estate ordered; that pursuant to such decree the real estate was sold and the judgment plaintiff purchased it; that appellant was going to redeem therefrom and arranged to get the money for such purpose, but was induced not to do so by the promise of the holder of the certificate of purchase that she might redeem it at any time after the year by paying him his money and interest; that she afterwards offered to redeem; that appellee had knowledge of all of the facts and took her title with such knowledge, etc. To this answer there were filed a general denial and affirmative replies which we need not set out. Appellant also filed a cross-complaint in two paragraphs, the first of which set out substantially the same facts set out in the answer and asked

that the sheriff's sale be set aside; that the amount due appellee be ascertained and appellant be permitted to pay the same and have her title quieted to the real estate, etc. The second paragraph was the usual short form to quiet title. To this cross-complaint there was a general denial. Other pleadings were filed that we need not set out, and the cause put at issue.

The case was submitted to the court for trial, and the appellant withdrew her first paragraph of cross-complaint and then demanded the opening and close, which was granted by the court, over appellee's objection. The court found for appellee on her complaint, and against appellant on her cross-complaint, and rendered judgment accordingly, as follows: "It is therefore considered, adjudged and decreed by the court that the plaintiff is the owner and in possession of the real estate hereinabove described, that the defendant has no right, title, interest or claim in or to said real estate, or any part thereof, and that plaintiff's title thereto be and the same is hereby forever quieted and set at rest as against said defendant, and any one claiming any title thereto. It is further considered, adjudged and decreed by the court that the defendant take nothing on her cross-complaint herein, and that the plaintiff do have and recover of and from said cross-complainant all her costs in this behalf laid out and expended." This same record entry also shows the filing by appellant of a motion for new trial as a matter of right accompanied by bond, the court's approval of such bond and appellee's objections to such new trial. The court afterwards sustained such objections and overruled appellant's motion for such new trial. This ruling of the court is the only error presented by the appeal.

Appellee's complaint and appellant's cross-complaint, each being in a single paragraph, to quiet title are within the letter of §1110 Burns 1908, §1054 R. S. 1881, granting a new trial as a matter of right. Appellee however con-

tends, in effect, that by reason of appellant's admission made
in her affirmative answer as above set out, and by reason
of the fact that the court at appellant's request granted
appellant the right to open and close, she, appellant, so
shaped the issues of fact that she admitted that appellee
was the owner in fee of the title to the real estate in con-
troversy and thereby eliminated every question except the
single question of her right to redeem from a mortgage fore-
closure after the statutory period for redemption had passed,
and hence deprived herself of the benefit of a new trial as
a matter of right. Such right to a new trial, being
1. purely statutory, is, as appellant in effect contends,
limited to those cases alone which fall within the
provisions of the statute. It is also true that the tendency
of the decided cases has been to restrict rather than extend
the right. *Studebaker* v. *Alexander* (1913), 179 Ind. 189,
100 N. E. 10, and cases cited; *Henry* v. *Frazier* (1913), 53
Ind. App. 605, 100 N. E. 770; *Norris* v. *Kendall* (1911), 48
Ind. App. 304, 306, 93 N. E. 1087; *Grubb* v. *Brendel* (1913),
52 Ind. App. 531, 100 N. E. 872, 873, and cases cited;
*Larrance* v. *Lewis* (1912), 51 Ind. App. 1, 98 N. E. 892, and
cases cited. From these cases it appears that where a com-
plaint, in different paragraphs, states two or more substan-
tive causes of action, under one of which the losing party is
entitled to a new trial as a matter of right, and under the
other of which he is not, and the case proceeds to judgment
on the issues tendered by each paragraph of such complaint,
that a new trial should not be granted as a matter of right
under the statute. So, too, where the complaint is
2. one which tenders an issue of title to real estate and
the defendant confesses title in the plaintiff or dis-
claims title in himself and by cross-complaint tenders an
issue which only incidentally affects the title and on which
a new trial as a matter of right is not authorized, in such
case a new trial should be denied. It has also been held
that "where the matter *actually in controversy and tried,*

is merely to enforce or cancel a lien, encumbrance or contract a new trial as a matter of right under the statute can not be had.'' *Studebaker* v. *Alexander, supra.* If the court, under the statute in question, was without power to grant the new trial as a matter of right it would be without jurisdiction to act in such matter. *Studebaker* v. *Alexander, supra.* On the other hand the statute in question is mandatory, and if, under it, appellant was entitled to a new trial, the trial court had no discretion in the matter and should have granted it. *Anderson* v. *Anderson* (1891), 128 Ind. 254, 27 N E. 724; *Tomlinson* v. *Tomlinson* (1904), 162 Ind. 530, 534, 70 N. E. 881.

Appellee makes her mistake in her application of the law to the facts of the case under consideration. The only substantive causes of action stated in the pleadings in this case on which the case proceeded to trial were those stated in the complaint and the second paragraph of cross-complaint, and, on the issue tendered by each of these pleadings, the losing party was entitled to a new trial as of right.

The record shows that the case proceeded to trial and judgment on each of these two substantive causes of action. The affirmative answer did not, of course, state a substantive cause of action, nor did it purport to admit or confess title in the real estate in question in appellee or disclaim title in appellant, and hence did not change the issue of title tendered by the complaint. The case does not fall within the rule laid down in any of the cases cited and relied on by appellee where a new trial as a matter of right was refused. On the contrary, the case is controlled by the case of *Bisel* v. *Tucker* (1889), 121 Ind. 249, 23 N. E. 81, and cases cited. It was there said at page 251: ''A plaintiff in a suit to quiet title can not obtain a decree if the defendant has any valid interest in the land, or any effective lien. The object of the suit is to remove the claims and liens which cloud the title, and where the plaintiff secures a general decree it

does remove them. *Ragsdale* v. *Mitchell* [1884], 97 Ind. 458; *Watkins* v. *Winings* [1885], 102 Ind. 330 [1 N. E. 638]; *Indiana, etc., R. Co.* v. *Allen* [1888], 113 Ind. 581 [15 N. E. 446], and authorities cited; *Jackson* v. *Smith* [1889], 120 Ind. 520 [22 N. E. 431]." Again at page 253 the court said: "We have thus shown that our decisions establish the rule that where the title to land, or a claim to an interest or lien therein is asserted, and the plaintiff seeks to remove it, and thus clear his title from the claims which cloud it, the losing party is entitled to a new trial as of right, no matter what form the issues may assume. If the sole object of the suit is to enforce a lien the rule is different." To the same effect, see *Bradford* v. *School Town, etc.* (1886), 107 Ind. 280, 7 N. E. 256; *Williams* v. *Thames Loan, etc., Co.* (1886), 105 Ind. 420, 5 N. E. 17. The fact that appellant, on the trial of the case, asked and was granted leave to open and close can have no controlling influence.

The record comes to us without the evidence, and as before indicated shows a finding and judgment in favor of appellee on a complaint stating a substantive cause of action involving the one issue, viz., the title to the real estate in question, and a finding and judgment against appellant on a cross-complaint stating a like cause of action involving the same single issue. In such a case there seems to be no room for doubt, under any of the decided cases, of the right of the losing party to a new trial as a matter of right under §1110, *supra.* For error of the court in refusing appellant such new trial the judgment is reversed with instructions to the court below to grant such new trial as of right and for any further proceedings not inconsistent with this opinion.

NOTE.—Reported in 105 N. E. 793. As to what is cloud on title and who may sue to remove, see 45 Am. St. 373. As to statutory new trials as of right in ejectment, see Ann. Cas. 1914 C 735. See, also, under (1) 29 Cyc. 1034.; (2) 29 Cyc. 1037; (3) 29 Cyc. 1043; (4) 29 Cyc. 1035.