## Schur's Appeal.

A purchase made at a guardian's sale, but for his benefit, yet which is validated by decree of the orphan's court, and ratified by the wards after they become of full age, has all the legal incidents of a sale valid when made, and the liability of the guardian's sureties is fixed and determined thereby.

(Decided January 18, 1886.)

Appeal from a decree of the Orphans' Court of Philadelphia

County sustaining a demurrer to a petition for a review of a guardian's account. Affirmed.

In 1870, Edward Kugel was appointed guardian of the minor heirs of John Muller, deceased. On October 1, 1870, the court authorized him to sell certain unproductive property situated at the corner of York street and Germantown road, in the city of Philadelphia. His return showed the property sold to one John Rombold, but it was immediately conveyed by Rombold to Kugel, and the title was afterwards confirmed by the orphans' court to Kugel. Upon the accounting of the guardian, he was charged with the purchase price of this property, with interest compounded with six months' rests from the date of sale. Thereupon Christian Schur, as surety of Kugel, filed a petition for a review of this account, alleging that because of the fraudulent purchase of the guardian at his own sale the sale was null and void, and that the guardian could not be charged with the purchase price of such property. Upon demurrer, the petition was dismissed; and Schur appealed.

*Louis H. Richards, Henry Pleasants, Jr.,* and *H. C. Howard,* for appellant.—In the eye of the law fraud spoils everything it touches. The broad seal of the commonwealth is crumbled into dust as against the interest designed to be defrauded. Every transaction of life, between individuals, in which it mingles, is corrupted by its contagion. Why, then, should it find shelter in the decrees of courts? There is the last place on earth where it ought to find refuge. Mitchell v. Kintzer, 5 Pa. 216, 47 Am. Dec. 408.

In Chorpenning's Appeal, 32 Pa. 315, 72 Am. Dec. 789, it was said: "The rule that a party will not be allowed to purchase and hold property for his own use and benefit, to which he stands in a fiduciary relation, if contested by the *cestui que trust,* is inflexible, without regard to the consideration paid or the honesty of the intent."

In Campbell v. McLain, 51 Pa. 200, this court dealing with an assignee for benefit of creditors, who had purchased the trust estate at sheriff's sale, under an execution on a mortgage belonging to the trust, held: "If the trustee purchase with an intention to hold for himself it is a legal fraud. Any confirmation of such sale must be upon a full knowledge of all the cir-

cumstances, and a deliberate examination by the parties interested, *i. e., the cestuis que trust.*"

A chancellor will not assist one to obtain anything arising out of a fraud. He who does iniquity shall not have equity. Equity will not permit one to hold a benefit which he has obtained by fraud, either of himself or another. Bleakley's Appeal, 66 Pa. 187; Boynton v. Housler, 73 Pa. 453.

Judge FUTHEY in Worth's Estate, 1 Chester Co. Rep. 297, speaking of the sureties for an administrator, who had purchased indirectly at his own sale, says: "Had the court been informed of the facts when they came to the knowledge of the sureties, we would at their instance, without more, have stricken off the confirmation of the sale. They became sureties for the faithful appropriation, by the administrator, of the proceeds of sale. Their suretyship contemplated a sale to someone other than the administrator, and the receipt of purchase money, for the faithful appropriation of which they became responsible. It did not contemplate a responsibility for moneys to be raised by the administrator, from his own resources. Hence, they had standing to ask the court to interfere in their behalf." See Hannum's Appeal, 1 Chester Co. Rep. 362.

The contract of a surety, being without a beneficial consideration, is not to be extended beyond its strict technical import. Bank of Washington v. Barrington, 2 Penr. & W. 27.

The liability of a surety on an official bond cannot, without his consent, be extended or enlarged by the obligee or by operation of law. Bensinger v. Wren, 100 Pa. 500; Com. v. Simonton, 1 Watts, 310.

Any settled agreement or active interference by the obligee, whereby the surety may be injured, or subjected to increased risk, or deprived of or suspended in the assertion of his equitable right to force the obligee to sue the principal, or of his right to pay the debt and occupy the attitude in equity of the obligee, will release the surety in equity. Sneed v. White, 3 J. J. Marsh, 525, 20 Am. Dec. 175; Comegys v. Cox, 1 Stew. (Ala.) 262, 18 Am. Dec. 45.

The appellees have clearly infringed upon the appellant's equitable rights as thus defined, by their conduct in this case, which must have the effect, in equity, to release him as surety. Being thus released by the action of the obligees, he is entitled to have the decree corrected so as to relieve him from liability

to suit on his bond. In such a suit he could not plead this defense. Com. v. Gracey, 96 Pa. 70. He is, therefore, entitled to plead it here.

*John M. Ridings* and *E. Coppie Mitchell,* for appellees.— The sale by the guardian to Rombold for his, the guardian's, own use is not void; it is voidable only,—that is, good until avoided. The right to avoid the sale remained in the minors, to be exercised by them when they came of age. Philips v. Crammond, 2 Wash. C. C. 445, Fed. Cas. No. 11,092; Eshleman v. Lewis, 49 Pa. 410; Downey v. Gerrard, 3 Grant Cas. 64; Hannum's Appeal, 1 Chester Co. Rep. 362.

But the right of the appellees to avoid the sale was taken from them by the decree of the orphans' court whereby the defect in the guardian's title was cured, and his title confirmed as though he had been previously permitted to bid. This decree is binding upon the minors. Littleton's Appeal, 93 Pa. 177.

PER CURIAM:

It may be conceded that the purchase for the benefit of the guardian, made at his own sale, was invalid. The sale, however, was confirmed by the orphans' court with like effect as if permission had been given to him to bid thereat, and he had purchased in pursuance of a bid then made. Further conceding that the sale might have been avoided by the children interested in the property, yet they did not do so. On the contrary, with full knowledge, they ratified the same after they were of full age, and accepted and still retain the purchase money for which it was sold. Their right so to do cannot be successfully denied. A sale thus validitated has all the legal incidents against the guardian of a sale, valid when made. His obligation connected therewith was fixed. As there was no fraudulent combination between him and the children, his liability fixed and determined the liability of his surety.

Decree affirmed and appeal dismissed, at the cost of the appellant.