Wolfe *et al. v.* McMillan.

---

No. 14,449.

## WOLFE ET AL. *v.* McMILLAN.

CONTEMPORANEOUS WRITTEN INSTRUMENTS.—*Parol Evidence.—Admissibility of to Explain.*—When property is conveyed by husband and wife by warranty deed—there having been previous money transactions between the parties to the deed—and on the same day the grantee takes the promissory note of the husband, and executes to him a title-bond, agreeing to convey to him said land upon the prompt payment of said note, the deed, note, and title-bond do not absolutely constitute a mortgage, and parol evidence is admissible to show the real transaction between the parties to said instruments.

EVIDENCE.—*Ignorance of the Law.*—*Proof of, When Not Admissible.*—Evidence is inadmissible to show that one was ignorant of the law in a certain matter, when it is not proposed to prove that the other party to the transaction made any misleading statements, or that he even had any knowledge of such ignorance.

VERDICT.—*When Court May Direct.*—If the plaintiff's evidence, with all the legitimate inferences which a jury might reasonably draw from it, is insufficient to sustain a verdict in his favor, so that the same, if returned, would have to be set aside, the court may properly direct a verdict for the defendant, without submitting the evidence to the jury; otherwise not.

From the Jefferson Circuit Court.

*J. W. Linck, C. E. Walker, J. L. Wilson, C. A. Korbly* and *W. O. Ford*, for appellants.

*A. D. Vanosdol* and *H. Francisco*, for appellee.

COFFEY, J.—In the year 1873, the appellant Delphia A. Wolfe, who then was and still is the wife of the other appellant, Elihu Wolfe, became the owner in fee, in her own right, of the land involved in this suit. On the 10th day of February, 1882, she executed her note to Priscilla C. Wilson for six hundred dollars, due one year after date, and she and her husband executed a mortgage on said land to secure its payment. On the 27th day of February, 1883, the appellants executed their note to the appellee for the sum of one thousand dollars, due two years after date, and also executed a mortgage on said land to secure its payment.

The appellee took an assignment of the Wilson note and mortgage, and, after entering the same satisfied, and deducting the amount due thereon from the said one thousand dollar note, paid the residue to the said Elihu Wolfe. On the 19th day of March, 1886, the appellants conveyed said land to the appellee by warranty deed, and on the same day the appellee took the separate note of the said Elihu Wolfe for $1,308.26, due on the 19th day of June, 1887, and executed to him a title-bond, agreeing to convey to him said land upon the prompt payment of said note according to the tenor thereof. No money passed between the parties at the time

Wolfe *et al. v.* McMillan.

of the execution of the deed, and the amount of the note executed by Elihu Wolfe to the appellee was the amount due at its date upon the one thousand dollar note, together with the amount of taxes due on said land. Elihu Wolfe having failed to pay said note, or any part of the same, this suit was brought for the possession of said land, in the ordinary form of ejectment.

The appellants answered the complaint by a general denial.

The appellant Delphia A. Wolfe also filed a cross-complaint, in which she set out the above facts, and alleges that said mortgages were executed to secure the individual debts of her husband for borrowed money, and that the deed executed to the appellee was intended as a mortgage to secure said debts and to procure an extension of time for their payment. She prays that said mortgages and deed be declared void as to her, and that her title to said land be quieted.

She also filed a special answer to the complaint, but we deem it unnecessary to set it out.

The appellee filed a reply to the special answer and an answer to the cross-complaint, and the cause, being at issue, was tried by a jury, who returned a verdict for the appellee. Upon the rendition of judgment on this verdict, the appellants took a new trial, as of right, under the statute; and the appellant Delphia A. Wolfe, by leave of the court, filed an additional paragraph of cross-complaint, in which she avers the same facts set up in her former cross-complaint, and alleges in addition thereto that the deed to the appellee and the title-bond executed in connection therewith were drawn in the form of a conditional sale, which fact was concealed from her, and that, by the authority of the appellee, her husband represented to her that said deed was made to avoid the costs of a foreclosure, and that appellee would execute back to her, or to her and her said husband, a title-bond, and would give them fifteen months' longer time in which to pay said debt.

The appellee filed a general denial to this cross-complaint,

and the cause, being again at issue, was submitted to a jury for trial. The jury returned a verdict for the appellee.

The appellants filed a motion and reasons for a new trial, which were overruled by the court, and the appellants excepted. The court then rendered judgment on the verdict in favor of appellee for the possession of the land in controversy and damages for the detention thereof.

The only errors properly assigned in this court are, that the court erred in overruling the motion for a new trial, and that the court erred in overruling the demurrer of the appellant Delphia A. Wolfe to the special answer of the appellee to her cross-complaint.

As to the last error assigned, it is sufficient to say that the same has been abandoned by the appellants in this court.

It remains to inquire as to whether the court erred in overruling the motion for a new trial.

It is contended by the appellants that the deed executed by them to the appellee on the 19th day of March, 1886, the note executed by Elihu Wolfe to the appellee, and the title-bond executed by the appellee to the appellant Elihu Wolfe, when taken together, conclusively constitute a mortgage, and that parol evidence can not be admitted to prove that they were intended as a conditional sale.

On the other hand, it is contended by the appellee that these instruments of writing, when construed together, constitute a conditional sale, and that evidence is admissible to show the real transaction, in order that the court or jury trying the cause may determine whether the transaction was in fact intended as a sale or as a mortgage.

Each case involving questions of the kind now under consideration must be determined according to the circumstances surrounding it. If the transaction, taken as a whole, resolves itself into a mere security for a debt, it is a mortgage; and while it is true that each case is to be determined by the distinguishing facts which surround it, there are certain well settled principles by which the courts are bound. In the

case of *Voss* v. *Eller*, 109 Ind. 260, the law upon this subject is stated thus : " A recognized method by which to determine whether a deed, absolute on its face, may nevertheless operate as a mortgage, is to ascertain whether or not at the time of its execution, there was a pre-existing or concurrently created debt by way of loan, owing to the grantee, the subsequent payment of which, in pursuance of a contemporaneous agreement, entitled the grantor, or debtor, to a reconveyance of the estate. An absolute conveyance without any other consideration than that assumed, coupled with an agreement to reconvey, will be regarded as a mortgage.

" Whatever form the transaction may have assumed, if the relation of debtor and creditor, with its reciprocal rights, continues between the contracting parties, or if such relation was then created, by loan or advance, and if the agreement, whether in the deed or in a separate instrument concurrently executed, is such that the debtor, by merely paying his debt, becomes entitled to insist upon a reconveyance, or to otherwise defeat the estate conveyed, the conveyance will be regarded as a security for such continuing or newly incurred debt."

The rules as here announced are supported by a long and unbroken line of adjudicated cases, both in this State and in the other States of the Union.

Where, therefore, at the time of such transaction, there is an existing debt, the true inquiry is, was such debt, by the transaction, in good faith extinguished? If it was, there can be no mortgage, for the reason that there is no debt to secure. If it was not extinguished, the transaction, no matter what its form, will resolve itself into that of a mortgage security.

In this case the transaction between the appellants and the appellee is in the form of an absolute conveyance of the land in dispute, and, unaided by evidence other than the deed, the court would be compelled to hold that the appellee was the absolute owner of the land. The transaction between the appellant Elihu Wolfe and the appellee is in the form of a

conditional sale, and the courts, without the aid of some evidence showing the circumstances under which the note and title-bond were executed, would be compelled to construe it as such.

Taking these three papers alone, we are unable to say whether they constitute one entire transaction or whether they represent two transactions. When the fact is admitted or established that they constitute one transaction, then the rule is well settled that they must be construed together.

It is true that the fact that all these papers bear the same date is evidence that they constitute one transaction, but they do not prove it conclusively. Under our statutes the husband and wife, as to their property rights, are separate and distinct persons, and as, by the transaction now under consideration, the wife is divested of her title to the land in dispute and the husband invested with it, unaided by oral evidence there would seem to be two transactions between the parties.

It is claimed by the appellee that the land was conveyed to him by appellants in full satisfaction and payment of the amount due him on his one thousand dollar note; this claim is denied by the appellants. This raises a question of fact which can only be determined by the evidence. Our conclusion is that the deed, note and title-bond above referred to do not absolutely constitute a mortgage, and that parol evidence was properly received to show the real transaction between the parties to these instruments. *Lentz* v. *Martin,* 75 Ind. 228; *Hays* v. *Carr,* 83 Ind. 275; *Davis* v. *Stonestreet,* 4 Ind. 101; *Heath* v. *Williams,* 30 Ind. 495; *Church* v. *Cole,* 36 Ind. 34; *Glover* v. *Payn,* 19 Wendell, 518; *Robinson* v. *Cropsey,* 2 Edw. Ch. 138; 1 Jones Mortg., section 267; *Rogers* v. *Beach,* 115 Ind. 413.

Indeed, the pleadings were formed and the cause was tried in the circuit court upon the theory that the deed, note and title-bond on their face constituted a conditional sale. What we have said disposes of the exception saved on the motion

of the appellants to strike out the evidence introduced by the appellee tending to show that the transaction was intended as a sale, and not as a mortgage. In refusing to strike out such evidence the court did not err.

At the proper time the appellant Delphia A. Wolfe offered to testify in her own behalf, in substance, that she was ignorant of the law, and did not know that a mortgage executed by her on her separate property to secure the debt of her husband was not binding on her. The court sustained an objection to this offered evidence, and she excepted.

Ordinarily, the rule is, that the courts will not afford relief against a mistake or ignorance of the law.

In this case it was not proposed to prove that the appellee had made any statements to said appellant which misled her, or that he even had any knowledge that she was ignorant of her legal rights. Under these circumstances it was not error to exclude the offered testimony.

After the close of the testimony in the cause, the court instructed the jury that it was their duty to return a verdict for the appellee, and the appellants excepted.

The right of the court to direct a verdict for the defendant, in case the plaintiff's evidence, giving it the most favorable construction it will legitimately bear, fails to establish any fact which constitutes an essential element in his right of action, is clear. *Purcell* v. *English*, 86 Ind. 34 ; *Hall* v. *Durham*, 109 Ind. 434 ; *Gregory* v. *Cleveland, etc., R. R. Co.*, 112 Ind. 385.

The rule which governs such cases is analogous to the rule which governs on a demurrer to the evidence. If the plaintiff's evidence, with all the legitimate inferences which a jury might reasonably draw from it, is insufficient to sustain a verdict in his favor, so that if a verdict for the plaintiff, if one should be returned, would be set aside, the court may properly direct a verdict for the defendant, without submit-

ting the evidence to the jury.  *Gregory* v.  *Cleveland, etc., R. R. Co., supra.*

In this case we think there is evidence in the record, both direct and circumstantial, from which the jury might have inferred legitimately that the deed, note and title-bond constituted only a mortgage.   The jury, in our opinion, should have been permitted to pass upon that question.   For the error of the court in instructing the jury to return a verdict for the appellee, this cause must be reversed.

Cause reversed, with instructions to the circuit court to grant a new trial, and for further proceedings not inconsistent with this opinion.

BERKSHIRE, J., took no part in the decision of this cause.

Filed March 9, 1889.