FULLER and others, Respondents, vs. ABBE, Appellant.

*December 15, 1899 — January 9, 1900.*

*Trusts and trustees: Accounting: Disbursements of trustee.*

1. At the time of certain condemnation proceedings concerning lands belonging to plaintiffs resulting in a substantial award, the defendant, a trustee in respect thereto, had repudiated the trust which was afterwards established in this action and in which the trustee thereafter acquiesced. An accounting being taken, wherein the trustee was charged with the proceeds received by reason of such condemnation proceedings, and thereby plaintiffs had the benefit thereof, they are liable to the trustee for necessary disbursements that benefited or were intended to benefit the estate,

2. In an accounting between a trustee and *cestuis que trustent,* the trustee cannot be charged with moneys received from one of the *cestuis que trustent* by way of a personal loan.

3. A trustee, while denying the trust and claiming all the property as his own, is in no position to charge the *cestuis que trustent* or their property with his own services, or that of his agents or attorneys, in respect to the property.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Modified and affirmed.*

For the appellant there were briefs by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

For the respondents there was a brief by *Dickinson, Kennedy & Graham,* and oral argument by *E. C. Kennedy.*

Fuller and others vs. Abbe.

CASSODAY, C. J.    It appears from the record, in effect, that in 1862 one Albert Fuller, a brother of the plaintiffs and the defendant, died seised of the lands described, and which he had previously purchased of one Edwin Ellis; that for convenience, he had allowed the record title to remain in Ellis; that upon his death his title and interest in the lands descended to and became the property of his father, David L. Fuller; that for convenience, and to have such title become vested in the parties to this action, David L. Fuller conveyed the same by quitclaim deed to Ellis, January 2, 1872, and for the same purpose, and in pursuance of an agreement or understanding between the parties hereto, Ellis conveyed the same to the defendant January 8, 1872; that the defendant paid nothing for or on account of such conveyance, but took and received the same for the use and benefit of herself and the plaintiffs; that in 1884 the defendant repudiated such trust, and commenced selling and conveying portions of such lands for her own benefit, without consulting the plaintiffs, or any of them, and that such sales and conveyances for her own benefit continued in one or more years thereafter, and before the commencement of this action; that by reason of the defendant denying all right, title, or interest of the plaintiffs in such lands the plaintiffs commenced this action about January 1, 1892, to have the rights of each of the four plaintiffs and the defendant herein adjudicated, and to compel the defendant to account for the moneys she had realized from such sales and from the plaintiffs on account of such lands; that the defendant answered, and the trial resulted in a decree entered March 19, 1895, and in which the defendant acquiesced.    Thereupon the cause was referred to a referee to state an account, and upon the coming in of the report of such referee the trial court found, April 19, 1899, in effect, that, after crediting the defendant with all sums advanced or paid by her as therein stated, and charging her with all sums received by her, with interest as therein stated, and

the costs and disbursements of this action, there was due to
the defendant $396.26, computed as therein stated. Judg-
ment was thereupon entered to the effect that upon each of
the plaintiffs paying to the defendant one fourth of the
amount so found due to her the undivided one-fifth part of
such lands should be adjudged to be in the plaintiffs, respect-
ively, and that the defendant should accordingly convey the
same to them respectively. From that portion of the decree
adjudging that the defendant was only entitled to $396.26
the defendant brings this appeal.

Exception is taken because the court refused to allow to
the defendant $76.25, paid out and expended in 1885 by her
in certain condemnation proceedings of a certain portion of
the lands in question for railroad purposes. The items mak-
ing up the amount consisted of $55 paid by her for attor-
ney's services against the railroad in such proceedings, and
$16.25 for his expenses while engaged in such proceedings,
and $5 for a deed. The only plausible objection to such al-
lowance is that at and before the time of making such pay-
ments the defendant had denied such trust, and claimed that
the property condemned was her own. Undoubtedly, a
court of equity has large discretion in the matter of reim-
bursing a trustee for expenses paid and incurred under such
circumstances. 2 Beach, Trusts, § 728. But it seems that,
"where a trustee engages in litigation in good faith, acting
from a regard to the interests of the trust estate, the costs
will be made a charge on the estate." Id. It has been held
by this court that, where an assignment for the benefit of
creditors was made to a married woman, before the statute
was amended so as to authorize her to act in that capacity,
the assignment was void, but that, notwithstanding such fact,
since she had acted under the direction of the court, and
in perfect good faith, believing the assignment to be valid,
she should be allowed for all such necessary disbursements
as benefited, or were intended to benefit, all the creditors of

Fuller and others vs. Abbe.

the estate; but that she was not entitled to commissions. *T. T. Haydock C. Co. v. Pier*, 74 Wis. 582; *S. C.* 78 Wis. 579. In the condemnation proceedings in the case at bar the defendant received, by reason of such proceedings, over $1,200, and the same was charged up against her in this action, and hence the plaintiffs had the benefit of such proceedings, and are liable for their share of such disbursements.

Exception is taken because in such accounting the court charged the defendant with $100 received by her in or about the autumn of 1873 from the plaintiff *Jane*, and one half of which belonged to the plaintiff *Sarah*. It appears from the testimony of *Jane* that the defendant borrowed the $100 for the purpose of building a piazza on her house. There is no pretense that it was advanced to pay taxes, although *Jane* claims that she subsequently told the defendant that she could use it in paying taxes. But that is, in effect, denied by the defendant. But, conceding it to be true, yet we perceive no valid reason why such personal loan, made eighteen years prior to the commencement of this action, should be charged up to the defendant in such accounting.

We must hold that the court improperly disallowed the defendant's claim for $76.25, and improperly charged the defendant with the $100 mentioned; but we find no substantial ground for disturbing the judgment in any other respect. Certainly the defendant, while denying the trust, and claiming all the property as her own, was in no position to charge the plaintiffs or the property with her services or services of her agents or attorneys in respect to the same.

*By the Court.*— The judgment of the circuit court is reversed and modified to the extent above indicated, but otherwise is affirmed. The clerk of this court will only allow the defendant one half of the taxable costs in this action.