FULLER and others, Respondents, vs. ABBE, Appellant.

*March 13—April 1, 1902.*

*Lien: Sale of land: Judgment for deficiency.*

A final judgment, unappealed from, establishing a trust in favor of plaintiffs in land held by defendant, gave the latter a lien upon plaintiffs' interest and provided that in default of payment their interest should be sold to satisfy the same, but did not provide for any personal judgment in case of a deficiency arising on the sale. *Held,* that there could be no such judgment for deficiency.

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant upon briefs by *Tomkins & Tomkins,* and for the respondents upon the brief of *E. C. Kennedy.*

WINSLOW, J. In 1892 the defendant had record title to about sixty lots of land in Ashland, and this action was brought by the four plaintiffs, who were the defendant's

brothers and sisters, claiming that she held four fifths of said land in trust for them, and asking that their rights in said lands be determined and that defendant be required to account for moneys received for lands previously sold by her held under the same trust. The defendant denied the plaintiffs' alleged rights in the lands, and claimed to be credited advances made by her in the way of taxes, and for other purposes; and the action was tried, and resulted in a judgment establishing the title of the plaintiffs, each to an undivided one-fifth of the lands in question, and adjudging that there was due the defendant, for sums advanced by her for taxes and expenditures concerning the lands, the sum of $396.26, upon payment of one fourth part of which sum each plaintiff was entitled to a conveyance from the defendant of an undivided one-fifth part of the lands. The defendant appealed from that part of the judgment which determined that she was only entitled to $396.26, and this court modified the judgment so as to allow certain claims of the defendant and disallow one item which had been charged against her, and affirmed the judgment as modified. *Fuller v. Abbe,* 105 Wis. 235, 81 N. W. 401.

Upon return to the trial court the original findings and judgment were modified so as to determine that there was a balance due the defendant on the accounting of $1,480.73, and that defendant was entitled to a lien upon the interest of each plaintiff in said lands of one fourth of said sum, to wit, for the sum of $370.18, and that, upon payment by each plaintiff of said last-named sum, the plaintiff so paying was entitled to a deed of an undivided one-fifth of said lands, and that in default of such payment within ninety days the interest of the person so defaulting be sold by the sheriff in the manner provided for sales of land upon execution. Neither the original nor the amended judgment contained any provision for a personal judgment for deficiency. None of the plaintiffs paid the sums required to be paid, and the

undivided four-fifths of the lands went to sale, and the sale resulted in a deficiency of $1,463.27; whereupon the defendant moved upon the findings, amended decree, and report of sale for judgment against the plaintiffs for such deficiency, which motion was denied, and the defendant appeals from the denial.

It is apparent that the court rightly denied the motion for a deficiency judgment after the sale of the lands. Judgment had already been entered in the case. It was not an interlocutory · judgment, reserving some questions, but a final judgment, settling all the rights of the parties. It did not provide for any personal judgment in case of a deficiency arising on the sale; all that remained to be done in the action was to execute the judgment, i. e., to make sale of the premises and to bring the excess into court and distribute it, if any excess resulted. The defendant did not appeal from the judgment, and it is not apparent to us how the court could add any material provisions to that judgment after sale of the premises. It is true that in case of a mortgage foreclosure judgment a personal judgment for deficiency may be rendered after the foreclosure sale; but this is required to be *ordered* in the original judgment, and it is authorized only by a special statutory provision applicable only to mortgage foreclosures. Stats. 1898, sec. 3156. Whether, under the circumstances of the present case, the defendant would have been equitably entitled to a personal judgment against the plaintiffs after having repudiated her trust, we are not called upon to determine. She did not ask it in her answer, nor did she obtain it in the judgment. That judgment was final, and unappealed from, and additions cannot be made to it in the manner proposed by the defendant.

*By the Court.*—Order affirmed.