DONLON *v.* MALEY ET AL.

[No. 8,772.   Filed November 3, 1915.]

1.   GUARDIAN AND WARD.—*Duty of Guardian.*—Where a guardian purchased the real estate of her wards at an administrator's sale to pay the debts of their father's estate, any advance in the value of such realty inured to the benefit of the wards, and, though the guardian took the title in her own name, she held what she acquired in trust for them, subject only to her right to be reimbursed for what she had invested.   pp. 27, 29.

2.   LIMITATION OF ACTIONS.—*Guardian and Ward.*—*Breach of Trust.*—In an action to enforce a constructive trust as to property purchased by the guardian of plaintiffs at a sale held by the administrator of the estate of plaintiffs' father, the claims of plaintiffs were not barred by the six-year statute of limitation, and could only be barred by the fifteen-year statute.   p. 29.

3.   LIMITATION OF ACTIONS.—*Disaffirmance of Trust.*—The filing of a final report by a guardian did not start the statute of limitations to running against the wards in so far as it operated as a disaffirmance of the constructive trust which arose out of the guardian's purchase of the wards' property at an administrator's sale to pay. the debts of their father's estate, where it appeared that thereafter the guardian advanced money to such wards and represented to them that it was obtained from the income of the property, and that she would make a final accounting at a later date.   p. 29.

4.   MORTGAGES.—*Deed as Mortgage.*—A deed absolute on its face may always be shown to be a mortgage, if it appears by the contract of the parties that it was in fact a mortgage, and for this purpose it is not necessary to aver that any fraud or misrepresentation was used.   p. 30.

5.   NEW TRIAL.—*New Trial as of Right.*—A new trial as of right

could not be had where the action made out by the complaint was one to enforce a trust and obtain an accounting, and in which the title to land was but incidentally involved, notwithstanding a new trial as of right might have been had as to the cause stated in the first paragraph had it stood alone. p. 30.

6. APPEAL.—*Presenting Questions for Review.*—*Motion for New Trial.*—*Grounds.*—Separate objections to each special finding of fact on the ground that the same was not sustained by sufficient evidence and was contrary to law, set out in the motion as grounds for a new trial, though usually and properly to be assigned under the statutory forms that "the decision of the court is not sustained by sufficient evidence" and that "the decision of the court is contrary to law", sufficiently complied with the statute so as to present the questions sought to be presented. p. 30.

7. GUARDIAN AND WARD.—*Right to Compensation.*—*Denial of Trust.*—Where a guardian, after acquiring property under circumstances giving rise to a constructive trust in favor of the wards, recognized the right of the wards in the property, was solicitous of the welfare of the wards, and during a long period of time never denied the trust or that an accounting was due from her, but thereafter asserted title and ownership of the property in herself, she could not, when judgment was rendered against her in a suit to declare the trust and for an accounting, claim any compensation for herself or for her attorney for services in management rendered after the time she repudiated the trust, though she was properly allowed for such services prior to such repudiation. pp. 31, 33.

8. EVIDENCE.—*Presumption of Knowledge of Law.*—A litigant is presumed to know the full import of all pleadings filed in his behalf and the legal force to be given to his conduct as shown thereby. p. 33.

From Marion Circuit Court (20,678); *Charles Remster*, Judge.

Action by Anna Maley and others against Ellen Donlon to declare a trust and for an accounting. From the judgment rendered, the defendant appeals. *Affirmed.*

*Walker & Hollett*, for appellant.

*C. S. & G. L. Denny, Smith, Hornbrook & Smith* and *Henry Douglass Pierce, Jr.*, for appellees.

IBACH, P. J. — This was an action originally brought by certain heirs at law of James Maley, deceased, against appellant, their guardian, to have a trust declared and for an accounting. Two of the

heirs, Mary and James, who had not joined in the original complaint were subsequently made defendants to the amended complaint.    Defendant James filed his cross-complaint in all essential respects similar to the amended complaint, with the additional averment to the effect that a certain quit-claim deed which he had executed to appellant was in fact a mortgage and asking that such deed be treated as a mortgage in the accounting.    There were also answers in general denial to the amended complaint, appellant's cross-complaint, and the amended cross-complaint of James.    Appellant filed several paragraphs of answer in which she claims payment in full of all sums due and pleads the statute of limitations, and files a cross-complaint to quiet title in her to the lands alleged in the complaint to be embraced in the trust, claiming to be the owner thereof.    She also filed a fourth paragraph of answer showing a disbursement of all the funds received by her from all sources as such guardian.    There were replies to the several answers.    At the request of the parties the court made a special finding of facts with conclusions of law thereon, favorable to appellees.    There was judgment for each of the heirs, except Mary, for separate amounts found to be due them, and that the appellant having expended more than her proportionate share of the estate on Mary, was entitled to the interest of said ward in the real estate remaining unsold, and that her title to an undivided one-seventh interest therein be quieted in her.

The amended complaint is very long, setting forth in detail the appointment of appellant as guardian and her transactions in that capacity covering a period of almost fifteen years.    No good purpose would be served by setting forth this pleading or the cross-complaint of James

in full. It is sufficient to state that the complaint alleges a purchase of the real estate of appellant's wards at the administrator's sale to pay the debts of their father's estate, for $7,000, by appellant, and that she took the title in her own name, but declared at the time and different times thereafter, that she made such purchase that the property might not be sacrificed at a forced sale and that she might save what she could for the wards; that she sold two of the pieces of property for $10,200 and retains title to two other tracts; that a demand for an accounting had been made but such demand had not been complied with; that up to and during the year 1906, appellant furnished appellees money which she represented to them came from the income of the property which she was holding for them, and that she promised to make a settlement when Mary, the youngest child, became of age.

Appellant cites *Chorpenning's Appeal* (1858), 32 Pa. St. 315, 72 Am. Dec. 789, to support her contention that the complaint is insufficient. While this case does in a measure lend some aid to her position, we are not inclined to follow it. It is not a well-considered case and is not in accord with the holdings in this State, nor any other state, as far as our research has gone. We are content to follow the case of *Taylor v. Calvert* (1894), 138 Ind. 67, 77, 37 N. E. 531, and the cases there cited, wherein the doctrine applicable here is thus announced: "From these authorities we may safely deduce the principle of law that whenever a guardian assumes a position in relation to his ward's funds, by which he puts his personal interest in conflict with theirs, or acquires any interest or title adverse to that of his wards, he will not, whether he intended any fraud or not, be permitted to retain the advantage, but the same will inure to the benefit of his wards and he will

hold what he has acquired in trust for them, subject only to his right to be reimbursed for what he has invested.'' The following cases hold to the same effect: *Fisher's Appeal* (1859), 34 Pa. St. 29; *Potter* v. *Smith* (1871), 36 Ind. 231; *Schur's Appeal* (1886), 2 Atl. 336; *Talbot* v. *Provine* (1874), 54 Tenn. 502; *Hayward* v. *Ellis* (1832), 30 Mass. 272.

Appellant is wrong in her contention that the appellees' claims are barred by the statute of limitations, because the fifteen and not the six-year statute applies. In the case of *Taylor* v. *Calvert*, *supra*, where a similar proposition is discussed, the court uses this language on page 82, ''This being an action to enforce a constructive trust growing out of a fiduciary relation, the act complained of is poisonous in its consequences and the suit can only be barred by the fifteen-year statute of limitation.''

We can not agree with appellant that the final report of appellant referred to in the complaint, started the statute of limitations to running against the wards in so far as it operated as a disaffirmance of the trust growing out of the fiduciary relation occupied by appellant, for it is alleged that as late as 1906, she furnished money to her wards and represented to them that it was obtained from the income of the property, and at that time informed them that she would make a final accounting at a later date fixed by her.

We are satisfied that the averments referred to, together with the remaining allegations of the amended complaint sufficiently set forth facts showing the existence of a trust and an accounting due thereunder and are sufficient to withstand the several objections urged against it. What we have

said with reference to the amended complaint applies with equal force to the amended cross-complaint of defendant James, for he alleges therein that he is likewise a *cestui que trust* under the same trust referred to in the amended complaint, he further avers the same material facts as are found in the amended complaint which show him to be entitled to an accounting. He further discloses the facts connected with the execution by him of a quitclaim deed to appellant and the agreement of the parties made at that time that such deed be declared in the settlement to be a mortgage.

It is well understood that a deed absolute on its face may always be shown to be a mortgage, if it appears by the contract of the parties that it was in fact a mortgage and for this purpose it is not necessary to aver that any fraud or misrepresentation was used.

Further separate errors are assigned on the refusal of the court to grant a new trial as of right on the amended complaint, and upon appellant's cross-complaint. Clearly appellant is not entitled to this for the reason that the cause of action made out by the amended complaint is one to enforce a trust and obtain an accounting. The title to the land is but incidentally involved. It is doubtless true that if the first paragraph of this pleading stood alone, appellant would have been entitled to a new trial as of right under the statute, but the case proceeded to judgment upon other substantial causes of action as well, and in such cases a new trial as of right will not be granted. *Henry* v. *Frazier* (1913), 53 Ind. App. 605, 100 N. E. 770, and cases cited. It is contended by appellee that the causes assigned for new trial are not named in the statute and no question is presented thereby.

6.  Appellant assigns numerous reasons in her motion for new trial, and among them separate

objections to each special finding of fact on the ground that the same was not sustained by sufficient evidence and was contrary to law. Appellees insist that these reasons should have been assigned under two assignments, (1) the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law. The latter method is, strictly speaking, the method usually followed and prescribed by statute, but it is clear that the method adopted by appellant reaches the same result. We therefore hold that the manner adopted to present the alleged errors is a sufficient compliance with the statute. In a recent case decided by this court the following language is used: "While the assignment here is irregular in form, and not to be commended as a model, taken as a whole we think it refers to a single action of the court, and that there can be no doubt respecting the identity of the ruling intended to be presented for review." *Eckhart v. Marion, etc., Traction Co.* (1915), 59 Ind. App. 217, 109 N. E. 224. See, to the same effect, *Mesker v. Bishop* (1914), 56 Ind. App. 455, 103 N. E. 492, 105 N. E. 644.

Many of the material facts of the case are practically undisputed and the trial court found the facts substantially as they are averred in the 7. amended complaint and the amended cross-complaint of defendant James, including also the findings that appellant was at all times solicitous of the welfare of the appellees, cared for the ward Mary at her own home from infancy and for the others she maintained a separate home, contributed in a large measure toward their support and guided and directed the affairs of such other household. Appellant always recognized that she held the property purchased by her in trust and at various times on request promised to furnish an accounting and

prior to the bringing of this suit she never denied her trust or that an accounting was due from her, but insisted that her wards should wait until the youngest child reached her majority and the property known as the Belmont Avenue property was sold.

The fact is also found and it is admitted by appellees that appellant paid out more money for the wards than was received by her from the estate, but it is found and it is further conceded that she expended on one *cestui que trust* an amount beyond the share actually due her. Accordingly, the court, in its conclusions of law states the several amounts due each of the wards and that the interest of the said Mary in the involved real estate should be the property of appellant by reason of such excess payment to her and quieted the title to the undivided one-seventh interest therein in appellant. The further fact is found that appellant could neither read nor write, that she had to depend on others to keep her records for her and her evidence tends strongly to show that she did not understand the full effect of the pleadings and reports filed by her or that she comprehended that each ward had an equal interest in the estate and no other. She apparently desired to charge the excessive amount paid for Mary's support and education to all the other children. We have no doubt but that appellant thought this could be done, and that she intended to act in good faith in all her transactions with the wards and with the court, and yet in order to obtain the settlement of the estate which the law requires, this action became necessary. However good her intentions may have been toward the appellees, nevertheless her memorandum attached to her demurrer to the amended complaint amounts in law to a denial of the fact that she was a trustee and in her denial to the amended complaint she specificially

denies she was a trustee, and in her subsequent pleadings she asserts that she had paid out for the wards all the money received by her, and in addition pleads the statute of limitation and also filed a cross-complaint asking that a part of the property, alleged in the complaint to be held by her in trust, be quieted in her. She is presumed to know the full import of all such pleadings and the legal force which must be given to her whole conduct. The effect of it all is to deny the trust and to deny that anything was owing to appellees on the accounting.

The rule generally announced in such cases is that when one who comes into the possession of property and it is claimed by others interested therein, that he holds it as trustee for them, and such person in possession denies the existence of a trust and asserts title and ownership of the property, he can not when a judgment is rendered against him claim any compensation for services while he managed the property. *In re Greenfield's Estate* (1854), 24 Pa. St. 232; *Fuller v. Abbe* (1900), 105 Wis. 235, 81 N. W. 401. In this case there was a time when we believe it can be said that appellant recognized that a part of this property, at least, was held by her in trust, and the court properly allowed her for her services and fees for her attorney, but her subsequent conduct was such that it would have been error to have allowed her for later services rendered and for fees earned by her attorneys, under all the facts.

It is the duty of all courts to endeavor to distribute justice to all litigants and we believe this was done by the trial court in this case. It is quite apparent that appellant was at all times solicitous of the welfare of all the appellees, much beyond what is usually

exhibited in such cases, and while it is also apparent that she had sought to deal honestly with her wards, it is difficult to understand why at a later time in the proceedings she claimed title to some of the trust property and by her report claimed that the guardianship fund had been fully and equally distributed. In view of the state of the record we are required to leave appellant where the court below placed her. We have found no reversible error. Judgment affirmed.

NOTE.—Reported in 110 N. E. 92. As to parol evidence to show absolute deeds to be mortgages, see 15 Am. Dec. 47. On limitation of actions to compel guardian to account or for recovery on his bond, see 47 L. R. A. (N. S.) 145. Effect of instrument of defeasance accompanying absolute conveyance of land, see Ann. Cas 1914 C 1079. See, also, under (1) 18 Cyc 769; 21 Cyc 77; (2) 25 Cyc 1058, 1155; (3) 25 Cyc 1169, 1171; (4) 27 Cyc 991; (5) 29 Cyc 1035; (6) 3 C. J. 987; 29 Cyc 951; (7) 21 Cyc 175; (8) 16 Cyc 1083.