## MOORE *v.* McCLAIN ET AL.

[No. 9,493. Filed April 12, 1918. Rehearing denied June 25, 1918.]

1. TRUSTS.—*Constructive Trusts.*—The court cannot construct a trust where the misconduct amounts merely to a breach of contract to convey, where there was no fraud or undue influence connected with the transaction in its inception. p. 108.

2. MORTGAGES.—*Action to Have Deed Declared a Mortgage.—Evidence.—Sufficiency.*—In an action to have a deed declared a mortgage and to quiet title, evidence *held* sufficient to sustain a finding that the instrument was a deed and not a mortgage. pp. 109, 110.

3. MORTGAGES.—*Absolute Deed.—Character of Instrument.—Evidence.—Promise to Pay Debt.*—On ascertaining whether an absolute deed to one discharging indebtedness on the land conveyed is a mortgage, although the absence of a promise to repay the

grantee at any specified time is not conclusive, it is a. circumstance more favorable to the grantee than to the grantor. p. 110.

4. MORTGAGES.—*Conditional Sales.—Enforcement.*—While courts are inclined to regard a transaction as a mortgage rather than a conditional sale, yet when the contract on its face shows a conditional sale and there are no facts explaining or contradicting its terms, it will be carried into execution. p. 110.

5. MORTGAGES.—*Absolute Deed.—Option to Repurchase.*—In an action to have an absolute deed declared a mortgage, evidence showing that grantor had an option to repurchase the land conveyed within a certain period is insufficient upon which to declare the deed a mortgage. p. 110.

From Marion Circuit Court (23,353); *Louis B. Ewbank,* Judge.

Action by John F. Moore against William T. McClain and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*George T. Pattison, Means & Buenting, Alfred R. Hovey* and *J. J. M. LaFollette,* for appellant.

*Emsley W. Johnson* and *Joseph W. Hutchinson,* for appellees.

IBACH, C. J.—The complaint in this case is in three paragraphs, the first, which is in the usual form of a suit to quiet title under §1116 Burns 1914, §1070 R. S. 1881, is not now relied upon and need not be given consideration. The second and third paragraphs proceed upon the theory of an equitable ownership of certain lands described in a warranty deed executed by appellant, and it is sought to have such deed declared a mortgage and upon the payment of the amount found due appellee thereon that appellant's title to the lands described be quieted in him.

The substance of certain averments of each of these paragraphs which become material to the disposition of this appeal, are: The defendant Wm. T. McClain

had, as administrator of the estate of Sarah A. Moore, deceased, appellant's mother, settled the same. Prior to April 7, 1900, plaintiff (appellant) had purchased of the several heirs their interest in and to said real estate and had assumed all incumbrances thereon. That said land had been ordered sold to pay debts of said estate, and that defendant (appellee) had as administrator proposed to furnish a sufficient amount of money to plaintiff to meet said obligations, the amount of which was ascertained to be $1,500. On said date plaintiff conveyed said real estate by a deed absolute on its face to defendant. Said deed was intended by the parties and was in fact a mortgage given to secure the repayment of said $1,500 to defendant, and being the money advanced by him to pay the debts of the said Moore estate and prevent a sale of the lands.

It may be noted here that there are no other averments in either paragraph of the complaint from which it might be contended that the complaint proceeds upon the theory that the deed was obtained by fraud or undue influence, except the averments that appellee obtained title to the particular lands while he was administrator of an estate in which they were involved. On the other hand, there are averments to be found in each paragraph which would indicate that it proceeded upon the theory that such deed was fairly obtained, but that the defendant refused to perform the agreement made when the deed was executed that he would reconvey when the amount found due was paid by plaintiff.

Appellee answered the complaint by general denial. A trial by the court resulted in a finding and judgment in his favor.

It is from this judgment, over appellant's motion for a new trial, that the appeal is taken.

The only error assigned and relied on for a reversal is predicated on the overruling of the motion for a new trial, and the causes argued are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The contention of appellant seems to be that the conveyance in form of a deed absolute on its face was in fact a mortgage to secure a loan, and that in equity it should be so declared, while it is insisted by appellee that his deed was absolute, and that an agreement which was made to reconvey the land constituted a conditional sale of which appellant did not avail himself, and therefore he is not entitled to relief.

At the beginning of the trial the parties stipulated as follows: On November 3, 1898, Sarah A. Moore was the owner of the real estate described in the complaint. On that day she died intestate, leaving surviving her as sole heirs at law the plaintiff and his two brothers. On November 23, 1898, defendant William C. McClain was appointed and qualified as administrator of said decedent's estate and continued to serve as such administrator until January 27, 1900, when he was discharged. While in life Sarah A. Moore had executed two mortgages on said land, one to the State of Indiana for $700 and interest at six per cent., and another for $450 with same interest to Isabelle Wilson. At the time of decedent's death there was due $84 and interest on the school fund mortgage and $54 interest on the Wilson mortgage. On August 8, 1899, the former husband of decedent and plaintiff's two brothers deeded to plaintiff their interest in the lands involved. On April 7,

1900, plaintiff executed and delivered to defendant William McClain a deed to the said lands for the consideration of $1,500, and the deed was recorded May 18, 1900. McClain paid the school fund mortgage amounting to $826 and the Wilson mortgage of $531, both of which were released of record. The evidence further shows that the lands were described as a thirty-acre tract, valued when the deed was executed at from $50 to $100 per acre. Outside of the deed and certain letters which passed between the parties, the evidence was oral and in the main conflicting. Appellant's further evidence tended to show that when the deed was executed appellee agreed to convey the same lands to him whenever the total sum paid by appellee above the amount received by him from the use of the lands was repaid, and that appellee agreed not to sell the land, but that he would hold it and reconvey whenever it was so redeemed. This is denied by appellee, who claims that he told appellant that if he ever concluded to sell he (appellant) should have the refusal.

Appellee also testified that after appellant had possession of the farm for several months, after his mother's death and before her estate was settled, he came to appellee and stated in substance that he would be unable to pay the interest on the loans, much less the principal, and have anything left to pay the expenses of obtaining an education, and wanted appellee to take it off his hands.

At that time appellant stated further: "One reason I want you to take it is I believe you will give me an opportunity to buy it back some time if I am ever able. Perhaps some of the others, if they got it through a foreclosure of a mortgage would deprive

me of that privilege." There is also evidence that
on petition to sell the land at administrator's sale
to pay debts the land was appraised at $1,350. Ap-
pellee had solicited bidders, but was unable to obtain
any.

There is ample evidence, also, from which the court
could, and doubtless did, conclude that appellee did
not possess or exert any improper influence over ap-
pellant and did not take any unfair advantage of him
in the whole course of the transaction; but appellant
insists that the trial court should have taken the
contrary view, because the presumption must obtain
that an unfair and unjust advantage was taken of
appellant because of the peculiar confidential rela-
tions which existed between the parties, and relies
on that principle of law which has been announced
by the courts in the following or similar language:
If one obtains the legal title to property by virtue
of confidential relations and influence under such cir-
cumstances that he ought not according to the rules
of equity and good conscience retain the benefits
thus acquired, a court of equity in order to admin-
ister complete justice between the parties, will raise a
trust by construction out of such circumstances and
relations, the execution of which will be enforced.
*Huffman* v. *Huffman* (1905), 35 Ind. App. 643, 645,
73 N. E. 1096; *Donlon* v. *Maley* (1915), 60 Ind. App.
25, 110 N. E. 92; *Vanderpool* v. *Vanderpool* (1915),
163 Ky. 742, 174 S. W. 727, 729.

Another principle akin to the foregoing, and which
appellant also contends is controlling here, has been
very clearly stated recently by our Supreme Court
in the following language: "There are certain legal
and domestic relations in respect to which the law

raises a presumption of trust and confidence on one side and a corresponding influence on the other. * * * Where such a relation exists between two persons, and the one occupying the superior position has dealt with the other in such a way as to obtain a substantial advantage; the law will presume that an improper influence was exerted, and that the transaction is fraudulent. *Westphal* v. *Williams* (1914), (Ind.) 107 N. E. 91, 93.

While the doctrine announced in these cases is well grounded and should always be applied in proper cases, it cannot be applied unless the evidence

1. is sufficient to show actual or constructive fraud. In other words, the fraud out of which the court can construct a trust must be at the inception of the transaction. The court cannot construct a trust where the misconduct amounts simply to a breach of the contract to convey where there was no fraud or undue influence connected with the transaction in its inception. *Westphal* v. *Williams, supra; Alexander* v. *Spaulding* (1902), 160 Ind. 176, 181, 66 N. E. 694.

In *Westphal* v. *Williams, supra,* the Supreme Court, in applying §4012 Burns 1914, §2969 R. S. 1881, announced the universal holding of the courts to be that an express parol trust cannot be impressed upon lands conveyed by deed absolute on its face, but that: "Constructive trusts do not fall within the provisions of this statute, but are excluded therefrom by the exception of such trusts as may arise by implication of law. A constructive trust arises in cases where the transaction involved is tainted by fraud, actual or constructive. * * * In such cases the court does not act upon and enforce parol agree-

ments to hold land in trust as the primary thing. It is the fraud or undue influence connected with the original transaction which justifies the court in constructing a trust and holding the wrongdoer responsible as a trustee maleficio.''

It follows that appellant's claim must finally rest on the single proposition that the instrument in question is a mortgage and was so intended 2. when made. We might agree with appellant that there are circumstances and some testimony from which the court might have inferred that the instrument was a mortgage, i. e., that by reason of their relationship appellee and appellant did not deal at arm's length; that there was an existing debt and that this instrument was executed to secure it; that the parties intended the deed in question as a mortgage and so understood it at the time of its execution; that the consideration paid was inadequate. But that is not the question here. We are required to take the evidence most favorable to appellee, and from that to say that the only conclusion that can be legally drawn is that the instrument is a mortgage, if we would sustain appellant's contention. Is the evidence such as to require this? We think not. There is no evidence of any substantial merit to show that appellant was misled in any way in regard to the value of the land, or that he did not fully understand the transaction and transfer at the time it was made. The evidence shows that the debt spoken of was not a debt due appellee, but was a debt due from the estate he was administering to third persons. It also shows that the indebtedness was in excess of the then value of the land, which was appraised just prior to its transfer to appellee at $1,350, and the indebtedness of

the estate amounted to $1,492. It further appears that there was no promise to repay appellee at any specific time the amount paid by him in settling such indebtedness. It is true that the absence of a promise is not conclusive, but it is a circumstance more favorable to appellee than appellant (*Davis* v. *Stonestreet* [1853], 4 Ind. 101), and when taken with all the other circumstances in the case fully warranted the court in finding that the instrument was a deed rather than a mortgage.

Appellant concedes, and such seems to be the law, that every case of this kind must be determined according to the circumstances surrounding it. *Wolfe* v. *McMillan* (1889), 117 Ind. 587, 590, 20 N. E. 509.

It is settled law that while courts are inclined to regard a transaction as a mortgage rather than a conditional sale, when the contract on its face shows a conditional sale and there are no facts explaining or contradicting its terms, the courts will carry it into execution. *Hays* v. *Carr, Admr.* (1882), 83 Ind. 275, 284.

The view which may be taken of the evidence most favorable to appellant is that he had the privilege or option to repurchase the land within five years for a sum to be arrived at by computation which would wholly. reimburse appellee. If such was an undisputed fact, still it would not be sufficient upon which to declare the deed a mortgage. *Hays* v. *Carr, Admr., supra; Rogers* v. *Beach* (1888), 115 Ind. 413, 415, 17 N. E. 609.

Regardless of the option, whether as stated by appellant or by appellee, appellant never availed himself of it, but shortly after the deed was executed purchased other lands in another county and never attempted to gain title to these lands

until more than fourteen years had passed, during which time appellee cultivated the lands and made numerous repairs and improvements. During all these years, according to appellant's testimony, he made no claim to the land except a single conversation which he testified took place at Franklin. This conversation was denied by appellee. This was all that was done by appellee to indicate in the slightest degree that he understood that the deed executed by him was a mortgage.

When the circumstances enumerated are taken together with the evidence of appellee as to the true character of the transaction, we cannot say that the decision of the court is not sustained by sufficient evidence. The weight of the evidence was for the trial court, and the principles of law applicable to the facts proved have been properly applied.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 258. See under (1) 39 Cyc 178; (2) 27 Cyc 1024, 1025; (3) 27 Cyc 1008. Trusts: grantee's oral agreement with grantor to hold in trust as giving rise to constructive trust, 39 L. R. A. (N. S.) 906.