McGEOCH BUILDING COMPANY, Respondent, vs. DICK & REUTEMAN COMPANY and others, Appellants.*

*December 1—December 30, 1949.*

---

* Motion for rehearing denied, without costs, on March 7, 1950.

244

For the appellants there were briefs by *Whyte, Hirschboeck & Minahan,* attorneys, and *Victor M. Harding* of

counsel, all of Milwaukee, and oral argument by *Mr. Malcolm K. Whyte* and *Mr. Harding.*

For the respondent there were briefs by *B. F. Saltzstein* and *Robert A. Saltzstein,* attorneys, and *Samuel Goldenberg* of counsel, all of Milwaukee, and oral argument by *Mr. Goldenberg* and *Mr. Robert A. Saltzstein.*

FAIRCHILD, J. The general rule is that a mortgage-indenture trustee is entitled to reimbursement for all necessary expenditures, "if the services were performed to preserve, protect or administer the fund under [his] control." 7 Fletcher, Cyc. Corp. (perm. ed.), p. 379, sec. 3211. Here the bonds were purchased in unusual circumstances. They were bought with full knowledge of the mortgagor—even with the mortgagor's implicit approval—to keep up the market for the bonds. They were purchased to keep them from falling into unfriendly hands which might endanger and embarrass the trust. In so doing, the trustee's officers clearly acted for the benefit of both the mortgagor and the bondholders. *McGeoch Building Co. v. Dick & Reuteman Co.* (1948), 253 Wis. 166, 176, 33 N. W. (2d) 252, 33 N. W. (2d) 864. They were acting to preserve and protect the trust. Because of these purchases and other alleged delinquencies, there was an attempt to remove the trustee, it was charged with a breach of trust and thus involved in litigation. The first question on this appeal is, Can the mortgage-indenture trustee be allowed attorneys' fees against the mortgagor for the successful defense of the action for alleged breach of trust? Under the circumstances which exist here it is considered that the trustee is entitled to reimbursement for the attorneys' fees incurred in defending its administration of the trust. In *Jessup v. Smith* (1918), 223 N. Y. 203, 207, 119 N. E. 403, Judge CARDOZO said of the trustee: "He owed a duty to the estate to stand his ground against unjust attack." The bondholders as well as the mortgagor had an interest to be considered.

The trustee complains because the final ruling below allowed only a portion of the amount claimed by it to be due. The amount of attorneys' fees allowed is in the discretion of the circuit court. *Fuller v. Abbe* (1900), 105 Wis. 235, 81 N. W. 401; *Bailey v. McLellan* (1st Cir. 1947), 159 Fed. (2d) 1014, and cases cited therein. However, it clearly appears from the record here that the circuit court erroneously reduced the amount of attorneys' fees from $8,500, which was established by the testimony as a reasonable amount, to $2,755 under a mistake as to the effect of the first two bills sent by the attorneys. The court said that it was not only the right, but also the duty, of the trustee to insist that the payment of the second bill was in full for services to date because of the form in which the bill was rendered. However, it appears that the experience of the parties was such that they must have known that the bill was not in full to date. The attorney explained that his secretary neglected to mark the bill "on account" and that he had credited the payment as "on account." In view of the apparent inadequacy of the bill, his explanation should have been accepted. The trustee, evidently understanding the situation, had not objected. The mortgagor should not be allowed to come in later and protest the charge when it is shown that the trustee acted in good faith.

The trustee objects to the division of the legal expense between it and the officers who were also defendants. There appears to be no abuse of discretion by the circuit judge in dividing the expense equally. The complaint had demanded that Dick & Reuteman Company, as trustee, refund compensation which it had received because it had been unfaithful. The complaint also included a demand that Dick & Reuteman Company and its officers turn over as trust funds the profits and interest made upon the bonds. It is evident that the defendants had both official (trustee) and private interests to defend. The trustee and the individual defendants were successful in maintaining their position against each charge.

The trustee was held to be faithful and was permitted to retain its compensation. The profits and interest were held to be private gains not subject to the trust, and the defendants in their private capacity were permitted to keep their gains.

It was no part of the trustee's duty to be concerned about title to private profits. It was optional with those to whom the earnings belonged to act or not to act in relation thereto. The defense of their rights should be at their own expense. They cannot be relieved of it by saying that the same amount of work would have had to be done by the attorneys if they had not been joined. Both the trustee and the officers profited by the successful prosecution of the defense; both had substantial interests to defend. If the individual defendants had employed their own counsel, they could not ask the trustee to pay his fees. Because they shared the trustee's counsel, they should not be exempted from bearing their share of the cost of the litigation.

There remains the question of the trustee's compensation for the years 1944–1948, inclusive, which the trial court disallowed. It is considered that this ruling is proper and must be sustained. The services for which the $200 yearly compensation was allowed by the 1940 agreement terminated with the redemption of the bonds in 1944.

*By the Court.*—Judgment modified and affirmed. Cause remanded with directions to enter judgment in accordance with this opinion.